## ISAAC NEESE v. JAMES RILEY.

### No. 6368.

**Vendor's Lien—Stipulated Attorney Fees.**—A promissory note with stipulation for attorney fees in event of suit, given for land and reciting the vendor's lien, is a lien in the hands of an endorsee of the payee without recourse; and the lien also exists for the payment of the stipulated attorney fees, which are part of the obligation.

ERROR from Guadalupe. Tried below before Hon. George McCormick. The opinion discloses the case.

*John Ireland,* for plaintiff in error. — 1. The assignee of a note without recourse gets no lien by his purchase. 2 Dan. on Notes and Bills, 272; Wood v. Bailey, 3 Fla., 41; Schnebly v. Reagan, 7 Gill & John., 120.

2. Unless there were allegations and proofs to correspond, showing that the note given by Neese to Riley for $100, dated a month after the land transaction between Fry and Neese, was a part of the purchase money, and that by an arrangement between the three it was understood and agreed that Riley should stand in Fry's place as to the lien, there could be no valid foreclosure of such lien for Riley's benefit. Pinchain v. Collard, 13 Texas, 335; Wynn v. Flannegan, 25 Texas, 778.

3. The court can not presume that the necessary proof was made, because there are no pleadings to admit such proof. Neill v. Newton, 24 Texas, 202.

4. Neese agreed to give Fry, so far as the allegations show, $250 for the land. When they came to make the notes they provide for their collection, and agree that Neese shall pay the 10 per cent attorney fees and add this sum in the note. This would not in any sense or under any rule of law make the 10 per cent a lien on the land. It was no part of the purchase money. Davenport v. Chilton, 25 Texas, 519; Adams v. Cook, 55 Texas, 161; Throckmorton v. Davenport, 55 Texas, 236.

5. If Neese contracted that he would pay 10 per cent on the amount of the notes, or either of them, in case the amount should be "collected" by legal process, was there a breach when it was shown that the amount had not been paid at all? It may yet be collected or paid, and not on legal process either. Salinas v. Wright, 11 Texas, 572; Brown v. Martin, 19 Texas, 343; Hamilton v. Battle, Dallam, 573; Patterson v. Doner, 48 Cal., 389; Irving v. McKey, 19 Kans., 20.

*W. E. Goodrich,* for defendant in error. — 1. In Texas a mortgage or other lien is only a security for the debt, and the assignment of the debt carries with it the lien, unless it is shown that such was not the intention of the parties. Flanagan v. Cushman, 48 Texas, 241. The security is for the unpaid purchase money, and the note is merely the evidence of the debt, and it is not essential the note shall be payable to the vendor. Glaze

v. Watson, 55 Texas, 568; Irvin v. Garner, 50 Texas, 49.   The case cited in Daniels on Notes and Bills to support the proposition of appellant in error, that "the assignee of a note without recourse gets no lien by his purchase," is not supported by the authorities cited, Wood v. Bailey, 3 Florida, 41, not being in point, and Schnebly v. Reagan, 7 Gill & Johnson, 120, being one in which there was no vendor's lien retained or recited in the notes; and besides, there were other grounds on which the case was decided.   At one time in this State it seems to have been doubted if the vendor's lien was not lost by the vendor on payee of the vendor's lien note endorsing it to another, his binding himself by the endorsement being new security.   Scott v. Mann, 36 Texas, 157; De Bruhl v. Maas, 54 Texas, 464.

2.   The petition of Riley alleges that in further consideration for said land said Neese, on January 1, 1886, made and delivered to petitioner the note for $100, etc.; that the two notes sued on were for the land and a vendor's lien thereon; and the notes themselves made part of the petition recite that they were given for the purchase money.   Washington v. Bank, 64 Texas, 4; 2 Ct. App. C. C., secs. 569, 567.

COLLARD, JUDGE.— This suit was instituted by James Riley, the defendant in error, against Isaac Neese, plaintiff in error, upon two promissory notes, and to foreclose vendor's lien upon 90 or 93 acres of land described in the petition.   The petition alleges that Isaac Neese, on the 1st of December, 1885, bought of A. J. Fry a tract of land, and in consideration therefor made, executed, and delivered to Fry two promissory notes, dated December 1, 1885, for $125 each, bearing 10 per cent interest from date, and containing a stipulation that should the notes not be paid at maturity Neese should pay 10 per cent attorney fees for collecting the same; both of which notes it is alleged were transferred to plaintiff below (Riley) by Fry for a valuable consideration.   The suit is on only one of these notes first executed falling due January 1, 1887.   It is further alleged that in further consideration for the land Neese, on January 1, 1886, made, executed, and delivered to petitioner (Riley) his note for $100 with 12 per cent interest, payable December 1, 1886, with a stipulation that in case the note should be collected by legal process 10 per cent additional on the principal should be added as attorney fees. The notes are attached to the petition and made a part thereof.   It is alleged that Neese has failed to pay the same or any part thereof; that they are a vendor's lien on the land, which is described as 131 acres less 40 acres sold to another party on a given date.   After these allegations the prayer follows for citation, judgment for principal and interest on the notes, the 10 per cent attorney fees, and order of sale to satisfy the vendor's lien.   The notes sued on are as follows:

"$125.00.          SAN ANTONIO, TEXAS, December 1, 1885.

"On or before the first day of January, 1887, I promise to pay to the order of A. J. Fry, at banking house of F. Groos & Co., in the city of San Antonio, Texas, one hundred and twenty-five dollars and ten per cent interest per annum from date, being in part payment of 90 acres of land out of the Francisco Coravajal league in Guadalupe County, on the west side of the Guadalupe River, this day bought of said Fry, and this note is fully acknowledged by me to be a vendor's lien on the said land described in a deed with even date herewith executed by said Fry to me; and in case of a failure by me to pay this note and interest promptly at maturity, I further promise to pay the attorney fees for the cost of collection, to-wit, ten per cent.

[Signed]                          his
                               "ISAAC X NEESE."
                               mark

It is endorsed by A. J. Fry to James Riley or order "without recourse." The other note is as follows:

"$100.                 SEGUIN, TEXAS, January 1, 1886.

"On the 1st day of December, A. D. 1886, I promise to pay to James Riley, or to —— order, the sum of one hundred dollars, together with interest thereon from the 1st day of January, 1886, at the rate of 12 per cent per annum and interest payable annually. This note is made payable at the town of Seguin, and it is hereby agreed that in case the interest is not paid promptly when due, then and in such case it shall become a part of the principal and bear interest as such at the rate herein stipulated; and it is further agreed that in case this note is collected by legal process 10 per cent additional on the principal shall be added as attorney fees. This note is given to secure the payment of the purchase money of 93 acres of land sold me by said A. Fry on the 1st of December, 1885, situated in Guadalupe County, Texas, and a part of the Coravajal survey.

[Signed]                          his
                               "ISAAC X NEESE."
                               mark.

The court rendered judgment by default for plaintiff for the amount of the notes' principal and interest and the attorney fees as prayed for, foreclosed the vendor's lien upon the land, and ordered it sold to pay the whole amount of the judgment. Defendant has brought the case up by writ of error. He says there was no vendor's lien given or implied to secure the attorney fees. Whether there was such lien implied or not, it was expressed in the body of the notes. The attorney fees were to be paid as a part of the notes, and there was a lien given to secure the payment of the notes. There was no error in foreclosing the lien for the attorney fees.

Counsel for appellant insist that the transfer of the note for $125 by Fry "without recourse," as shown by the endorsement, destroyed the ven-

dor's lien. In this State the transfer of a note secured by lien passes the lien. The lien is an incident of the debt and passes with the transfer of the debt, even when the lien arises by operation of law. White v. Downs, 40 Texas, 226; 48 Texas, 244. We can not see how the endorsement of the note "without recourse" could affect the lien. In Maryland such an endorsement has been held to extinguish the lien, because the owner thereby was released from liability on the note and no longer had any interest in the land. Schnebly v. Reagan, 7 Gill & John., 120. No such distinction obtains in this State.

It is urged by plaintiff in error that the $100 note carries no lien because not made to the vendor. If it was for a part of the unpaid purchase money on the land, or was a substituted note for one not sued on having a lien, the lien would be kept in force by the express agreement. We are not advised as to how the note became a lien. A lien is expressed, however, and it could not be presumed that there was no such lien. As between the parties to the note, the note itself would be sufficient evidence of the fact of lien expressed therein. It is not material that the note was given to a person other than the vendor. Hicks v. Morris, 57 Texas, 658; Wynn v. Flannegan, 25 Texas, 778; Robertson v. Guerin, 50 Texas, 317; Ellis v. Singleterry, 45 Texas, 27.

One of the notes sued on referred to the land as 90 acres, and the other as 93 acres; both notes, however, refer to the same deed, where the land is described by metes and bounds; the petition describes the land as it is described in the deed. The discrepancy as to the number of acres stated in the notes would be immaterial. The same land is meant.

There are several noticeable defects in the petition that might have been subject to exceptions. They were amendable, however, and we think were cured by the verdict and judgment.

The judgment ought to be affirmed.

*Affirmed.*

Adopted May 20, 1890.