AMELIA ELMENDORF v. MICHAEL BEIRNE.

No. 15.

1. **Vendor's Lien — Superior Title.** — Where the vendor retains in his deed a lien for unpaid purchase money, he has the superior title to the land against the vendee, or those in privity with him; and he has the option at any time before the debt is barred by limitation, on default of its payment, to bring suit foreclosing his lien, or in trespass to try title for the recovery of the land.

2. **Debt Barred by Limitation.**—After the debt is barred by limitation, the vendor has no choice as to what kind of a suit he will bring, but is confined to his action for the land.

3. **Transfer of Vendor's Lien and Title.**—Where the vendor transfers the lien and assigns the superior title with it. the assignee holds the lien and superior title.   Hamblen v. Folts & Walsh, 70 Texas, 133.

4. **Notice—Recitals in Deed.**—Until the payment of the purchase money, the vendee or those in privity with him would hold only an equitable title to the

land, and the recitals in the deed of the original vendee would be notice that the purchase money was unpaid, and the land bound for it. Such purchaser of part of the land could only insist that on foreclosure the unsold part be first sold.

5. **Sale Pending Suit.**—A sale by the plaintiff pending suit to foreclose would not affect the result of the suit.

APPEAL from Wilson. Tried below before Hon. GEORGE MCCORMICK.

*Jno. A. & N. O. Green* and *Wm. H. Burges*, for appellant.

*L. S. Lawhon*, for appellee.

FLY, ASSOCIATE JUSTICE.—This was a suit by appellant to recover from appellee, in trespass to try title, 300 acres of land, a part of a 1000 acres tract that had been sold by A. B. Frank to John H. Daine, by deed retaining a vendor's lien to secure the payment of two promissory notes, each for the sum of $1375, payable in one and two years, with interest at 10 per cent per annum, payable semi-annually, notes to become due if there was default in payment of interest. The notes were purchased from Frank by appellant. There was a default by Daine in the payment of the notes and interest, and suit was instituted against Daine, judgment was obtained, the vendor's lien foreclosed on the 1000 acres of land, and the same being sold at sheriff's sale, appellant became the purchaser at $500.

Prior to the institution of the suit by appellant against Daine, the latter had sold 300 acres off the 1000 acres to Michael Beirne, the appellee, and he had gone into immediate possession, and made improvements on the same. Bierne was not made a party to the foreclosure proceedings against Daine. This suit was then brought against Beirne, appellee, the prayer of the amended petition being, "that the said deed from J. H. Daine to the defendant, Michael Beirne, may be cancelled, held for naught, and of no force and effect as far as this plaintiff's rights are concerned; that she recover of the defendant, Michael Bierne, the 300 acres of land in controversy and the possession of the same; that she recover her damages and all costs in this behalf expended. But if from any cause whatever your honor should hold that any equities of defendant, Michael Beirne, have not been heretofore extinguished, then the plaintiff prays that the vendor's lien set out and retained in the deed from A. B. Frank to J. H. Daine, and held by your petitioner by reason of the transfer set out, be declared a valid and subsisting lien from the date thereof on the entire tract of land of 1000 acres heretofore described; that said vendor's lien on the whole of said land be foreclosed; that an order of sale issue out of your honor's court directing the sheriff of Wilson County to sell said land, after giving due notice as the law requires, selling first the said

700 acres of land, and should said 700 acres not bring a sufficient amount to pay and satisfy the balance of the purchase money still due, all interest thereon accrued, attorney fees and costs, then the sheriff aforesaid proceed to sell the remaining 300 acres in controversy, to satisfy whatever balance may still be due on said purchase money."

The only errors assigned by appellant are, that the verdict of the jury is not responsive to the charge, because it does not find what proportion of the debt the 300 acres was to bear in payment of plaintiff's debt; the court erred in the judgment rendered, the same not being supported by the charge, the verdict, or the facts; that the judgment is erroneous in not ordering the sale of the 700 acres first to satisfy the debt of plaintiff, and if insufficient, then to have the 300 acres sold. It will be seen that no error is assigned except as to the verdict and the judgment on the verdict.

It has been definitely settled by an unbroken train of decisions of the Supreme Court of Texas, that where the vendor retains in his deed a lien for the unpaid purchase money, that so long as the purchase money remains unpaid he has the superior title to the land against the vendee, or those in privity with him, and he has the option at any time before the debt is barred by limitation, upon default of its payment, to bring a suit for foreclosure of his lien, or one in trespass to try title for the recovery of the land itself. He has not parted with his title until the purchase money is paid. Peters v. Clements, 46 Texas, 114. After the debt is barred by limitation, the vendor has no choice as to what kind of suit he will bring, but is confined to his action for the land itself. This is well settled law, and it is scarcely necessary for it to be reiterated.

The transfer by the vendor of a note given for the purchase money of land does not carry with it the superior title of the vendor, except where the assignee receives from the vendor a transfer of his superior title, but only bears with it the lien upon the land to secure the payment of the purchase money. Hamblen v. Folts, 70 Texas, 133. Until the purchase money is paid, the vendee, or those in privity with him, would hold only an equitable title to the land, and the recitals in the deed of the original vendee would be sufficient notice that the purchase money was unpaid and that the land was bound for it. Peters v. Clements, 46 Texas, 114; Jackson v. Elliott, 49 Texas, 68; Robertson v. Guerin, 50 Texas, 317; Porterfield v. Taylor, 60 Texas, 265.

The transfer of the notes by A. B. Frank to appellant carried with it a lien on the whole of the land in controversy, and she had the right to foreclose her lien and have the land sold to satisfy her claim. She did bring suit in the District Court of Bexar County against Daine, and as to him got judgment, foreclosed her lien, and had the land sold and bought it in. But prior to the institution of her suit Daine had sold 300 acres of the land to appellee, and notice of this fact had been given to appel-

lant by the record of the deed from Daine to appellee in the county in which the land is situated.

Appellee was not made a party to this suit against Daine, and of course his equities could not be adjudicated. Had he been a party to that suit the proper judgment would have been a foreclosure of the lien on the 1000 acres of land; that the 700 acres be sold first, and then if anything still remained due on the debt, that the 300 acres sold to appellee be subjected to the payment of the balance due. This, however, was not done. Michael Beirne had gone into possession of the 300 acres sold to him by Daine, and had made valuable improvements on it, and has equities that should be protected. Authorities above cited.

Appellee had the equity of redemption of the land, and also had a right to demand that the 700 acres be first sold before his land would be subjected to the payment of the debt. This was not done in the suit against Daine, and the suit brought in Wilson County was instituted to remedy the defect in the first suit.

Upon the trial of the cause the jury returned the following verdict: "We, the jury, find for the defendant; we find the value of the 300 acres to be $1800 at present, and the 700 acres to be $4200 at present; we find the interest on the two notes, $2750, to amount to $1726.39, at 10 per cent interest to date."

Upon this verdict the court below rendered judgment quieting defendant in his title, and gave judgment in favor of plaintiff for $276.39, being the difference between the value of the 700 acres of land and the total amount of the debt.

We are of the opinion that this judgment is erroneous. The value of the respective tracts of land was not in issue, and could cut no figure in the decision of the case. All that the defendant had a right to demand, as herein before indicated, was that the 700 acres of land be first sold and the proceeds applied to the liquidation of the debt for purchase money, and the 300 acres he had bought from Daine be subjected to sale only for any sum remaining unpaid after the sale of the 700 acres. The defendant pleads, that prior to the institution of the suit plaintiff had sold the 1000 acres of land to the Coughrans; but while the proof shows that the plaintiff had sold the land, yet there is no time shown as to when the sale took place, and the legitimate inference from the testimony of Coughran would be that it was sold during the pendency of the suit. If the land was sold before the suit was instituted, then there might be some question as to the right of plaintiff to recover, without at least having the Coughrans made parties to the suit. But if the land was purchased by the Coughrans pendente lite, as it appears from the record, the fact of the sale would cut no figure in this suit, as they would be bound by any judgment rendered. Dwyer v. Rippetoe, 72 Texas, 520.

For the errors indicated in the judgment of the lower court, the cause is reversed and remanded.

*Reversed and remanded.*

Delivered September 27, 1893.