## DRUMM COMMISSION COMPANY v. J. C. CORE.

### Decided October 12, 1907.

**Vendor's Lien—Assignment—Vendee without Notice—Equities—Case Followed.**

S. being the owner of land, sold a part of it to G. taking notes secured by vendor's lien for the purchase money; these notes S. transferred and assigned to D. by simple endorsement, nothing was placed on record to give notice of the transaction; G. being unable to pay for the land reconveyed it to S.; upon the representation of both S. and G. that G. was the real owner of the land and could make good title to the same and that the vendor's lien notes had been lost, C. exchanged land with S., receiving in part the land which had been sold to G. and for which the notes had been given. In a suit by C. against D., the holder of the vendor's lien notes, to cancel the vendor's lien and to remove the cloud from his title, held, that the case was analogous to the case of Moran v. Wheeler, 87 Texas, 179, and under the doctrine announced in that case C. was entitled to the relief prayed for.

Appeal from the District Court of Wheeler County. Tried below before Hon. B. M. Baker.

*Hoover & Taylor,* for appellant.—At the time Core purchased the land from Smith, as shown by the petition, the deed records of Wheeler County showed that the land stood in the name of Greenwell and was incumbered with a $1,200 vendor's lien outstanding against it. The deed, as alleged, from Greenwell back to Smith made no mention of the surrender or cancellation of said notes. The state of the record showed, as alleged, that the land was incumbered by the lien and that Core in making the purchase relied upon the false and fraudulent representations made by Smith and Greenwell. In law the defendant could not be effected by the fact that Core relied upon the statements of Smith and Greenwell and not the record. The petition, therefore, showed that he was not an innocent purchaser as against the defendant, the owner and holder of the notes by proper transfer, and the petition upon its face showed that he was not entitled to recover, and the court erred in overruling the general demurrer. Patty v. Middleton, 82 Texas, 591; Halfin v. Winkleman, 83 Texas, 168; Engelbach v. Simpson, 12 Texas Civ. App., 197; Garahy v. Bayley, 25 Texas Sup., 302;

Wimberly v. Bailey, 58 Texas, 227; Vaughn v. Greer, 38 Texas, 532; Taylor v. Harrison, 47 Texas, 454.

Declarations made by Greenwell and Smith calculated to defeat the lien upon the land reserved in the notes held by the defendant, not made in the presence of the defendant, were not admissible in evidence against the defendant. Statements made by the maker of a note and the endorser of a note are not admissible against the owner and holder of the note, he not being present. Halfin v. Winkleman, 83 Texas, 168; Smith v. Gillum, 80 Texas, 127; Smith v. James, 42 S. W. Rep., 793.

*W. R. Ewing,* for appellee.—Plaintiff's petition shows under the facts therein alleged, if true, that he was an innocent purchaser for value, and entitled to the relief prayed for, and the court did not err in overruling appellants general and special demurrers. Henderson v. Pilgrim, 22 Texas, 464; Moran v. Wheeler, 87 Texas, 184; Southern Building & Loan Association v. Brackett, 91 Texas, 44; Frank v. Heidenheimer, 84 Texas, 642; Mansur & Tebbetts Implement Co. v. Beer, 19 Texas Civ. App., 311; Perkiewiez v. First Nat'l Bank of Okla., 33 S. W. Rep., 674; Johnson v. Dyer, 19 Texas Civ. App., 602.

CONNER, CHIEF JUSTICE.—This appeal is from a judgment in appellee's favor canceling a vendor's lien asserted by appellant upon the east half of school land section No. 26 in Wheeler County.

As alleged in appellee's original petition to remove cloud from his title to said section No. 26, and as established by the practically undisputed proof, it appears that on the 25th day of November, 1902, one Oscar Smith was the owner of said section No. 26 and that he on that day, joined by his wife, Cora Smith, conveyed the east one-half of the same to one W. F. Greenwell for the recited consideration of twelve hundred dollars, evidenced by five notes executed by said Greenwell for the sum of two hundred and forty dollars each, due respectively November 15, 1903, November 15, 1904, November 15, 1905, November 15, 1906 and November 15, 1907. As security for the payment of said notes the vendor's lien was expressly retained in the deed to Greenwell, and said deed soon thereafter was duly recorded in the deed records of Wheeler County. Afterwards, between the 31st day of August, 1903, and the 9th day of September, 1903, appellee Core and said Oscar Smith entered into negotiations for an exchange of said section No. 26 for section No. 24, State school lands, at the time owned by appellee. Pending the negotiations, Smith represented that his grantee, Greenwell, was unable to pay the notes that had been given by him, as before stated; that said notes had been canceled, returned to Greenwell and by Greenwell lost, and that he, Smith, was the real owner of said section No. 26 and could make good title to the same. These representations in substance were also made to appellee by said Greenwell. In completion of the negotiations Greenwell thereupon reconveyed said section No. 26 to Oscar Smith, and Oscar Smith conveyed the same to appellee, ap-

pellee conveying therefor to Smith his said section No. 24, which Smith subsequently conveyed to another, who is admitted to be an innocent purchaser for value. It is undisputed that appellee acted throughout the negotiations in good faith, trusting the representations so made by Smith and Greenwell and upon the fact of Greenwell's reconveyance. It appears, however, that in fact prior thereto, to wit, about December 27, 1902, Smith transferred all of said notes that had been given by Greenwell to the Drumm-Flato Commission Company as collateral security for the payment of a certain promissory note in the sum of one thousand dollars made by Smith, and that at the time of the exchange of lands hereinbefore mentioned, appellant was owner of the same. The transfer of the notes to the Drumm-Flato Commission Company, however, was by simple indorsement of Smith, the payee therein, and was not evidenced by any instrument in writing, nor was there any record notice of such transfer in Wheeler County, and appellee was in fact without knowledge of any such transfers.

By exceptions to appellee's petition, by attacks upon the evidence and the judgment of the trial court, appellant insists that the facts stated do not authorize the relief sought and obtained by appellee. We can not concur in this contention. It was held in Moran v. Wheeler, 87 Texas, 179, that a mortgagee without notice acquires a lien superior to the vendor's lien recited in the deed, where the vendor has executed a release of the lien and such release is recorded, although the vendor's lien note had been assigned to a bona fide holder before the execution of the release, thus in effect holding that an express vendor's lien is within our registration statutes. In disposing of that case our Supreme Court, speaking by Justice Brown, says: "It is the policy of the law to require that all matters affecting the title to land should be placed upon the public records so that one who seeks to purchase it may safely judge of the validity of the title. When a purchaser who seeks to buy land has examined the records of titles, and finds nothing to indicate that there is an adverse claim, and he is not in possession of any facts that would put him upon inquiry as to any matter not of record, he has the right to presume that any person claiming an adverse right would have placed the same upon record, and that there is none."

The principles so stated and decided would seem to have proper application in the case before us. The state of the record at the time of appellee's acquisition of section No. 26 showed that Smith was the payee and owner of the Greenwell notes, and there was nothing of record to indicate that they had been transferred and acquired by another. Upon inquiry appellee was informed by both the maker of the notes and by the payee, in whom the title rested upon the face of the record, that said notes had been canceled and returned to the maker and lost, thus accounting for their non-production, and the record fails entirely to disclose any other circumstance that would put appellee upon inquiry, or cause a reasonable man to distrust the representations so made to him. It was within the power of the assignee of the notes and of ap-

pellant to have taken a written assignment of the vendor's lien, and to have placed it upc.. record as the law required, and thus to have provided against the acts of the original owner of the lien. Appellee had no such opportunity for guarding against the wrong, and it must be held, as stated in the case cited, that. "he who neglects the performance of a duty enjoined, or the exercise of a privilege granted for his security, must suffer the loss, rather than one who was not in a position to secure that protection." It is conceded that under the Moran case, had Smith formally executed a release of the vendor's lien, then, under the other circumstances shown, appellee would be entitled to the relief he urged. We fail to see why verbal representations of the vendor and maker of like effect may not be received and acted upon in the absence of any circumstance requiring further inquiry. By the face of the deed records of Wheeler County, Smith had the superior title and was entitled to enforce the vendor's lien against Greenwell at the time appellee acquired section No. 26. Greenwell's reconveyance at least apparently merged the lien in the legal title and invested Smith with the apparent right to make the conveyance he did to appellee, who, having accepted the same in good faith for a valuable consideration and without notice, actual or constructive, of appellant's lien, took the east half of said section No. 26 free of said lien. See also Henderson v. Pilgrim, 22 Texas, 464; Southern Building & Loan Association v. Brackett, 91 Texas, 44; and other cases cited in appellee's brief.

We conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.