FENNIMORE v. INGHAM et al.*
(No. 880.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 18, 1915. On Motion for Rehearing, Jan. 12, 1916.)

1. DEEDS ☜32—DEED IN BLANK—CONSTRUCTION AS POWER—"POWER COUPLED WITH AN INTEREST."

Where the vendor of land gave a deed without filling in the name of the grantee, with the understanding that the purchaser could insert the name of the purchaser from him, such deed was a "power coupled with an interest" vested by the vendor in the purchaser for the latter's benefit, and therefore irrevocable, which passed to successive purchasers, the fourth purchaser whose name was inserted as the grantee became the owner.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 64; Dec. Dig. ☜32.

For other definitions, see Words and Phrases, First and Second Series, Power Coupled with an Interest.]

**2. VENDOR AND PURCHASER ☞254—VENDOR'S LIEN—CONNECTION OF VENDOR WITH RECORD TITLE.**

A vendor gave a deed with power to the purchaser to fill the blank left for the name of the grantee with the name of the purchaser's grantee, and after successive sales by delivery of the blank deed the name of the last purchaser was inserted, on his giving a note for the price to his vendor, and the deed recorded. *Held,* that the implied vendor's lien in favor of the last grantor was not defeated by the fact that his name was not connected with the record title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 627, 634, 641–649, 651; Dec. Dig. ☞254.]

**3. VENDOR AND PURCHASER ☞261—VENDOR'S LIEN—RIGHT OF ASSIGNEE OF PURCHASE-MONEY NOTE.**

An equitable lien in favor of the vendor of land taking a purchase-money note exists in favor of his assignee of the note, as the lien follows the debt.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. ☞261.]

**4. VENDOR AND PURCHASER ☞266 — VENDOR'S LIEN—RIGHT OF ASSIGNEE OF PURCHASE-MONEY NOTE.**

The implied equitable vendor's lien arising in favor of a vendor of realty, taking a purchase-money note, is not waived by the substitution of a third person for the original vendor as payee of the note.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 687, 713–750; Dec. Dig. ☞266.]

**5. VENDOR AND PURCHASER ☞228—VENDOR'S LIEN—NOTICE OF INCUMBRANCE.**

A person who purchases realty with notice of the existence of an implied vendor's lien is not protected as an innocent purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 495–501; Dec. Dig. ☞228.]

*On Motion for Rehearing.*

**6. VENDOR AND PURCHASER ☞254 — VENDOR'S LIEN—EQUITABLE CHARACTER.**

An implied equitable lien in favor of the vendor of realty taking a purchase-money note arises incidental to the contract of sale, on the equitable principle that when a vendor sells his land upon a deferred consideration he is entitled to a lien, which equity, not the contract, by virtue of the transaction creates in his favor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 627, 634, 641–649, 651; Dec. Dig. ☞254.]

**7. VENDOR AND PURCHASER ☞231—RECORD—NOTICE.**

A recorded deed is constructive notice only of the facts which it recites, but a party is chargeable with notice of what a reasonably prudent person, with knowledge of the facts, would have ascertained by inquiry, where he has actual knowledge of a deed or its record.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. ☞231.]

**8. VENDOR AND PURCHASER ☞239—VENDOR'S LIEN—INNOCENT PURCHASER FOR VALUE.**

Where the seller and buyer of land released the purchase-money note of record, though the seller previously had transferred it to a third party, one buying the land from the record without actual knowledge of the existence of the note or an equitable vendor's lien did not hold

the land subject to any lien in favor of the transferee of the note from the original seller.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 583–600; Dec. Dig. ☞239.]

Appeal from District Court, Lipscomb County; Frank Willis, Judge.

Suit to foreclose a vendor's lien by N. Fennimore against G. E. Ingham and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Adkins & Sewell, of Higgins, for appellant. H. E. Hoover, of Canadian, for appellees.

HENDRICKS, J. In February, 1912, one Mark Bishop was the owner of 160 acres of land situated in Lipscomb county, Tex., and on that day executed a deed of conveyance for a consideration of $2,000, recited to have been paid, with the name of the grantee left blank in said deed. One Sam Wilson was purchaser of this land, and the agreement between Bishop and Wilson was that the deed executed in blank was for the purpose of permitting Wilson to either insert his own name or the name of the party to whom he might sell the land, as grantee. Bishop was paid in full for said land, and never thereafter asserted any claim upon the same. Wilson thereafter sold said land to one John Coker, delivering the Bishop deed to Coker, with the name of the grantee still remaining blank. Coker traded the land to one G. E. Ingham, in December, 1912, for a consideration of $550, evidenced by a note, on its face a vendor's lien, due in two years from date, with 8 per cent. interest. The same deed, executed by Bishop, when he sold the land to Wilson, was delivered by Coker to Ingham, and the name of Ingham was inserted as the grantee in said deed. Ingham, for the consideration "of one dollar, and other valuable considerations," sold and conveyed the same land to one William B. Howe. This deed contained the following recitation:

"The above-described land is free, clear and unincumbered, except as herein stated below as follows, to wit: One vendor's lien note for the sum of $550.00, dated Fargo, Oklahoma, December 7, 1912, due in two years from date thereof, bearing interest at the rate of eight per cent. per annum from date, and payable to one John Coker."

Upon the 1st day of October, 1913, Eli C. Gray, purchased the same quarter section of land from Howe, receiving a conveyance of same, for the cash consideration of $100, and at that time the deed from Ingham to Howe was of record in Lipscomb county. Previous to the purchase of the land by Gray from Howe, Coker, the owner of the $550 note, executed by Ingham to him for the land, transferred said note, by blank indorsement, to appellant, N. Fennimore, who brought this suit against Eli C. Gray, for the foreclosure of the vendor's lien upon said land. The trial court peremptorily instructed the jury to return a

---

verdict in favor of the defendant Gray, denying plaintiff, Fennimore, a foreclosure of his lien; and this action of the trial court is assigned in this court as error.

[1] When Mark Bishop sold the land to Wilson, upon the understanding that the latter could insert the name of the purchaser from him in the deed as his grantee, this was a power coupled with an interest vested by Bishop in Wilson for the benefit of the latter, and is therefore irrevocable (Threadgill v. Butler, 60 Tex. 601); and when Wilson, with this deed, with the name of the grantee left blank, sold the land to Coker, the same power, by implication, was evidently vested, and was intended to vest, in the latter, when the deed was delivered in that condition. When Coker sold his land to Ingham for the sum of $550 evidenced by the execution and delivery of the note mentioned, and the name of Ingham was inserted as the grantee, the whole title to the property passed to him, divesting all equitable interests of the previous vendors of the land on account of their having been paid for said land. Schleicher et al. v. Runge, 37 S. W. 982; Threadgill v. Butler, 60 Tex. 599; Delvin on Deeds, vol. 1 (3d Ed.) § 457, p. 792. This last authority says:

"Where the name of the grantee is left blank in a deed, executed and delivered (with parol authority to insert the name of the grantee), it will vest title in any person whose name may afterwards be inserted in the blank by the person who received the deed, or by any subsequent holder of it."

The appellee argues that there is no lien, either implied or expressed:

"The most familiar illustration of the equitable lien is the vendor's lien, which is a lien given to a vendor of real estate, who has executed an absolute deed, without having received the purchase money, and this lien arises even though the recital in the deed acknowledged the receipt of payment, if in fact it was not received. Brandenburg v. Norwood, 66 S. W. 587; Springman v. Hawkins, 52 Tex. Civ. App. 249, 113 S. W. 966; Marshall v. Marshall, 42 S. W. 354; Houston v. Dickson, 66 Tex. 79, 1 S. W. 375; Baker v. Compton, 52 Tex. 252." Simpkins on Equity, p. 338.

[2] We know that this lien has always been favored by the courts of this state, not as a creature of contract, but as incidental to the same, as an equity for the reason that one who purchases another's land for a deferred consideration should pay for it. Same authority, supra.

This record is conclusive that Eli C. Gray, before he purchased the land from Howe, was acquainted with the recitation with reference to the vendor's lien note contained in the deed from Ingham to Howe. The argument that Coker, who is recited to have been the payee of the note, was not connected with the title to the land of record, has no application to this character of case. The well-known authority of Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54, and like authorities cited in the brief, are not pertinent.

[3] The equitable vendor's lien exists in favor of the assignee of the note and the lien follows the debt. Elmendorf v. Beirne, 4 Tex. Civ. App. 188, 23 S. W. 315; Flanagan v. Cushman, 48 Tex. 244; McCamly v. Waterhouse, 80 Tex. 340, 16 S. W. 19; Hamblen v. Folts, 70 Tex. 132, 7 S. W. 834; Polk v. Kyser, 21 Tex. Civ. App. 676, 53 S. W. 87; Neese v. Riley, 77 Tex. 351, 14 S. W. 65; Russell v. Kirkbride, 62 Tex. 455.

[4] This implied equitable vendor's lien is not waived by the substitution of a third person for the original vendor as payee of the note given for the purchase money. Irvin v. Garner, 50 Tex. 54, and cases cited.

[5] One who has notice of the existence of this implied vendor's lien is not protected as an innocent purchaser. Senter v. Lambeth et al., 59 Tex. 259; McAlpin v. Burnett, 19 Tex. 498. The McAlpin-Burnett Case cited holds that the bona fide holder of the note payable to bearer, and transferred to him by delivery, can enforce the lien, and Justice Roberts also says:

"Though the vendee sell the land to a third person, it is still liable, if his vendee had notice of the lien, either actual or constructive."

Equity does not look to form, but always to the substance of a transaction. It is, of course, true that Mark Bishop was not the beneficiary of the lien—he had been paid in full. However, when Coker, having the irrevocable power coupled with an interest and the equitable right to the land, used the same deed for the purpose of conveying this interest to Ingham and inserted Ingham's name in the deed, it was just as much a sale and conveyance of the land as though Wilson had previously inserted his name as grantee in said deed, and the latter had then sold the land to Ingham by a separate conveyance for the consideration of the $550 vendor's lien note. We are not holding that this note represents an express vendor's lien, though it is recited in its face that one is retained in the deed. We think the note, however, represents an implied vendor's lien on account of the sale of the land from Coker to Ingham, passing the title and equity, regarding the substance of the transaction and not the form. When Gray was put upon notice that there was a vendor's lien note outstanding which the land was incumbered with, payable to one John Coker, he had knowledge of a fact which theoretical considerations of our registration statutes could not destroy.

It is said that Bishop, in his agreement with Wilson, limited the power of Wilson to the insertion of the name of his purchaser, as grantee, in the blank space, and that the deed could not be used by subsequent purchasers and grantees in passing equitable interests. Properly analyzed, Bishop simply testified that his agreement with Wilson was that the latter could insert the name of his grantee in the deed—nothing was said about any limitation. When Bishop delivered this deed in blank and was paid in full, he was

eliminated. Wilson then had the only real interest in the land. When Wilson delivered the same deed in blank and was paid in full, clearly by implication, he intended that Coker could insert the grantee's name. When Ingham bought the land with his name inserted in the deed, he procured the whole title. With Gray purchasing this land upon full notice that an outstanding lien in favor of a man by the name of Coker was existent, Fennimore, and not Gray, should have had the peremptory instruction. The cause is reversed and rendered in Fennimore's favor for the amount of the debt, interest, and attorney's fees, and the foreclosure of the vendor's lien. Reversed and rendered.

## On Motion for Rehearing.

[6, 7] Appellee misconceives the real holding in this case. We did not hold, nor intend to hold, nor did we intend to suggest, that the recitals in the note actually created the equitable vendor's lien. Our opinion may not have been as adequately clear and expressive as it should have been. We will repeat, however, that an implied equitable lien arises merely incidental to a contract, on the equitable principle that when a vendor sells his land upon a deferred consideration, he is entitled to a lien which equity, not a contract, by virtue of the transaction creates in his favor. We acknowledged fully that Bishop had been paid for this land when Coker used his deed, with the name of the grantee left blank, in order to sell the land to Ingham. Coker, however, was the equitable owner of this land, which in law, divested of form, made him the real owner; no other person having a charge upon it. When he sold the land to Ingham and the latter executed a note which fully described the real estate, acknowledging that he owed so much money to Coker, the latter had an equitable vendor's lien as security for the payment of that debt. When Ingham sold to Howe, the latter acknowledged the existence of the equitable vendor's lien as a charge upon the land, in favor of Coker, and this recitation was read to Gray over the telephone by the county clerk of Lipscomb county. Coker's disconnection with the record title is wholly immaterial—Gray knew as an actual fact that Coker had a note for the payment of which the land stood charged. As an original proposition to say that, because a note is payable to some one not connected with the chain of title, though it is expressed in a deed in the chain of title there is a lien or a charge existent for the purpose of paying that note; that such third party would not have a lien —we will not argue nor cite authorities to support. It is, of course, true that a recorded deed is constructive notice only of the facts it recites. That principle is applicable to constructive notice only. There is a notable exception that a party is chargeable with notice of what a reasonably prudent person, with knowledge of the facts recited would have ascertained by inquiry where the party had actual knowledge of the deed or its record. Neyland v. Lumber Co., 26 Tex. Civ. App. p. 421, 64 S. W. 696, and numerous cases cited.

[8] When Coker, who was the real owner of this land, used Bishop's deed and sold the same to Ingham, and Ingham executed the note in controversy, which on its face is a negotiable note and transferable in the commercial world for all legitimate purposes, Gray was charged with that note, as long as he was not excused either by the record or by other sufficient aliunde facts, to constitute him an innocent subsequent purchaser. Of course if Coker and Ingham had released this note of record, though Coker might previously have transferred it to Fennimore, and Gray, as a subsequent purchaser, bought from the record, without actual knowledge of the existence of the note, or of an equitable vendor's lien, Fennimore would have been out, and that is the scope and import of the holding of the Supreme Court in Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54. In Drumm Com. Co. v. Core, 105 S. W. 843, 47 Tex. Civ. App. 216, the previous vendor and vendee assured Core that the notes had been destroyed, and the vendee reconveyed back to the vendor and the vendor then conveyed to Core. What possible application this line of authorities could have to this character of case is beyond us. It is necessarily true that when one has an equitable right, disconnected from the record, another, who purchases the apparent title, is not affected. Spencer v. Jones, 92 Tex. 519, 50 S. W. 118, 71 Am. St. Rep. 870. If the party knew the equitable agreement or right inhering in a third party as affecting the land, though entirely separated from the record, the land would be purchased burdened. Same case.

Gray's trouble is he is not a subsequent innocent purchaser under the statute; the lien in this case had been created by virtue of the actual sale of the land by the real owner. Gray had actual knowledge that the land was charged with a lien, and that a note was outstanding. It is not the deed that creates the equitable lien, strictly speaking. It is equity, originating it on account of the transaction. The lack of a written assignment of this note which carried the lien to Fennimore has not the slightest pertinency in so far as divesting Fennimore's rights are concerned. Fennimore received what Coker possessed. Gray, knowing that a note was outstanding, is charged with notice of everything it contained with reference to the obligation of payment. According to the stipulations of the note, the interest was figured correctly.

The motion is overruled.