ANDERSON v. BROWN et al. (No. 2415.)*

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1925. Rehearing Denied. Jan. 6, 1926.)

1. **Mortgages** ⬅154(4)—**Assignment of vendor's lien note must be recorded to affect subsequent mortgagee without notice of lien.**

Assignment of vendor's lien note must be recorded to affect subsequent mortgagee for valuable consideration without notice, constructive or otherwise, of vendor's lien.

2. **Vendor and purchaser** ⬅233—**Purchaser, finding nothing of record to indicate adverse claims, may presume that there are none.**

Purchaser, finding nothing indicating adverse claim on examining records of titles, and not in possession of facts putting him on inquiry as to matters not of record, may presume that any one claiming adverse right would have placed it on record, and that there is no such right.

3. **Vendor and purchaser** ⬅261(1)—**Vendor's lien not transferred by assignment of note secured by owner's wife.**

Assignment of vendor's lien note by wife of one to whom it had been sold and transferred with lien securing payment did not transfer lien to assignee; assignor not being owner of note or lien.

4. **Husband and wife** ⬅193—**Wife cannot make assignment without husband joining, in absence of special circumstances.**

Married woman cannot make valid assignment of vendor's lien note without being joined by husband, in absence of special circumstances.

5. **Husband and wife** ⬅202—**Assignee of vendor's lien note held put on inquiry as to wife's capacity to make assignment by form of her acknowledgment.**

Wife's acknowledgment of assignment of vendor's lien note in form for single woman, without disclosing whether or not she was feme sole, put assignee on inquiry as to her capacity to make assignment without husband joining.

Appeal from District Court, Hemphill County; W. R. Ewing, Judge.

Suit by B. F. Anderson against J. G. Brown and others. From a judgment for named defendant, plaintiff appeals. Affirmed.

---

Will Crow, of Canadian, for appellant.

H. E. Hoover and J. W. Sanders, both of Canadian, and Coffee, Holmes & Coffee, of Miami, for appellees.

JACKSON, J. This suit was instituted in the district court of Hemphill county, Tex., by B. F. Anderson, plaintiff, against J. G. Brown, D. E. Holt, E. M. Michel, Carrie Michel, J. R. Edwards, Boone Robbins, and D. Grantham, defendants.

The case was called on August 27, 1924, and plaintiff dismissed as to the defendants Boone Robbins, E. M. Michel, Carrie Michel, and J. R. Edwards.

D. E. Holt filed a plea in abatement as to himself, which was sustained by the court, and no complaint thereof is presented in the appeal.

The pleadings consist of over 60 pages, but for the disposition of the questions presented to this court for review, we deem the following sufficient:

Plaintiff alleged: That on June 17, 1919, J. G. Brown and wife, by their proper deed, conveyed certain lands in Wheeler county, Tex., to J. R. Edwards, in consideration, among other things, of a series of nine promissory vendor's lien notes, numbered consecutively, executed by J. R. Edwards and payable to J. G. Brown, each for the sum of $1,-740, except No. 9, which was for the sum of $1,820. One of the series was due annually, the first on July 13, 1920, and one each year thereafter in its respective numerical order; each bearing interest at the rate of 6 per cent. per annum from date until maturity, 10 per cent. per annum from maturity until paid, and stipulating for 10 per cent. on the amount of principal and interest as attorney's fees in case of suit, and that the deed retained a lien to secure the payment of said notes. That on September 2, 1919, J. R. Edwards and wife conveyed said land by proper deed to Boone Robbins and D. Grantham, who assumed and promised to pay said series of notes. That on January 26, 1921, D. Grantham conveyed his one-half undivided interest in said land to Boone Robbins, who assumed and promised to pay said series of notes. That on July 26, 1919, J. G. Brown, for a valuable consideration, sold and assigned by written transfer, notes Nos. 1 and 2 of said series to D. E. Holt, and in such written transfer made the lien securing their payment, superior to the lien securing the remainder of said series of notes. That on July 28, 1919, D. E. Holt sold and transferred said notes Nos. 1 and 2 to E. M. Michel, and by a proper instrument in writing transferred to him the lien securing their payment. That D. E. Holt was the vice president of the Citizens' State Bank of Wheeler, Tex., and about July 13, 1920, the due date of note No. 1, he advised Robbins and Grantham that said bank held the note for collection. That Robbins and Grantham were un-

able to pay the note and interest, were debtors of said bank, and requested a loan from said bank to take care of said note, which was refused, and D. E. Holt advised them to find some party to take up said note and interest and extend its payment to March 1, 1921, and he would have the note and lien transferred to such party. That in July, 1920, Robbins and Grantham agreed with this plaintiff that, if he would take up said note and extend its payment to March 1, 1921, he should have, hold, and own the note and the lien securing its payment, and on August 4th he paid $1,856.55 for said note, which was delivered to him at Wylie by the First National Bank of Wylie, Tex. That a few days thereafter he secured a written transfer to himself of the note, signed "Carrie Michel," which was dated August 3, 1920. That by reason of the agreement between him and Robbins and Grantham, and the payment of the money evidenced by said note, plaintiff became subrogated to the lien securing said note and all the right, title, equities, and interest held by E. M. Michel, and that he is still the owner and holder thereof. That the land on which the lien was retained to secure the payment of plaintiff's note was the homestead of Robbins and Grantham. That on April 30, 1921, Robbins borrowed from D. E. Holt the sum of $600, which he paid, and which was duly credited on said note.

Plaintiff alleges: That on January 3, 1921, E. M. Michel made, executed, and delivered to J. R. Edwards a release of note No. 1 and the lien securing its payment, which release was duly filed for record in the deed records of Wheeler county, Tex., January 14, 1921. That the release of said note No. 1 by E. M. Michel to J. R. Edwards, and the transfer of said note by Carrie Michel to plaintiff, were made, procured, and delivered through the fraudulent acts and conduct of D. E. Holt, E. M. Michel, and Carrie Michel, alleging in detail the facts constituting the fraud. That on June 2, 1922, Robbins fraudulently procured a loan of $15,000 on said land from the San Antonio Joint Stock Land Bank, which sum was applied, first, to a prior lien of $8,541.29 due the Missouri State Life Insurance Company; second, to the payment of note No. 2 of said series due E. M. Michel in the sum of $2,038.16; and, third, $4,420.55 as a partial payment and accrued interest on notes Nos. 3 to 9 inclusive held by J. G. Brown. That J. G. Brown executed a subordination agreement to the said San Antonio Bank, by which he subordinated his lien on said land for the balance of his indebtedness to the lien of said bank. That said note No. 1 was of equal dignity and priority with note No. 2, owned by E. M. Michel, and a prior and superior lien to the lien securing notes Nos. 3 to 9, inclusive, owned by J. G. Brown. That, on account of the false and fraudulent acts of D. E. Holt,

E. M. Michel and Carrie Michel, and Boone Robbins, his lien has been subordinated to the lien securing the $15,000 to said bank to the extent of $4,420.55, the sum paid by said bank on the notes held by J. G. Brown. That the balance on note No. 1 is past due and unpaid, and that D. E. Holt, as an indorser, and Boone Robbins, D. Grantham, and J. R. Edwards are personally liable to him for the payment thereof. Plaintiff also pleaded an equitable assignment by virtue of the agreement and contract between him and Robbins and Grantham; prayed for his debt, interest, and attorney's fees, costs of suit, and that he be subrogated to all the rights, liens, remedies, and equities of E. M. Michel in and to said note No. 1.

The defendant J. G. Brown answered by general demurrer, special exceptions, and general denial, admitted conveying the land to J. R. Edwards and the execution and delivery to him of the series of nine vendor's lien notes, the selling of notes Nos. 1 and 2 to D. E. Holt, as alleged in plaintiff's petition, that Holt sold and transferred them to E. M. Michel, and alleges that he was at all times the owner and holder of notes Nos. 3 to 9, inclusive, and that said deeds and transfers were properly recorded in Wheeler county; that defendant Carrie Michel never owned said note, all of which was known to the plaintiff, or could have been known by investigation of the records of Wheeler county, and that the sale of said note by D. E. Holt to plaintiff if ever made, was unauthorized, and passed no right to the lien securing it, as he was authorized and empowered only to collect said note; that the plaintiff, not only neglected to examine the records of Wheeler county, but took a transfer from Carrie Michel, dated August 3, 1920, and failed to place such transfer of record until December 18, 1923, and failed to give any notice whatever of his pretended ownership of said note and lien; that E. M. Michel was the record owner of notes Nos. 1 and 2, and that he properly executed a release of note No. 1, which was duly of record in Wheeler county on June 2, 1922, at the time Boone Robbins obtained the loan from the San Antonio bank, and defendant, relying upon the records, permitted the lien of $15,-000 to be placed against said land, and subordinated his prior lien thereto, and permitted Boone Robbins to retain the sum of $1,-600 as a loan out of the $15,000, which he would not have done had he been advised that note No. 1 was not paid; that, prior to placing the lien for $15,000 against said land, Boone Robbins and J. R. Edwards advised defendant that note No. 1 had been paid and the lien released, and exhibited to him note No. 1, and that on examination of the records he found a proper release thereof, and he acted with due diligence and good faith, and, upon the statements to him, the exhibition of the note, and examination of the rec-

ords, he was induced to subordinate his lien to the $15,000 note without full payment of his debt; that he received on his debt from said $15,000 the sum of $4,420, leaving the sum of $7,840 unpaid, which by his subordination agreement became a secondary lien, all of which he would not have done had he been advised that note No. 1 was unpaid; that thereafter, acting in good faith, on January 15, 1924, he procured legal title to said land, subject only to the note for $15,000 to said San Antonio bank.

By supplemental petition, plaintiff, in reply to the answer of J. G. Brown, pleaded general demurrer, special exceptions, general denial; that the said Brown did execute and deliver to the Land Bank of San Antonio a subordination agreement, and, as a consideration therefor, received the sum of $4,420.55 to be credited on notes Nos. 3 to 9, inclusive; that the true facts relative to the loan of $1,600 by Brown to Robbins are that, in the years 1921 and 1922 Robbins borrowed money from the First National Bank of Canadian, Tex., and gave his note therefor, with Brown as surety, all of which was done prior to the procurement of said $15,-000 loan, and that Brown violated his agreement with the Land Bank by deducting the sum of $1,600 from said sum of $4,420.55 instead of crediting said notes with said sum; that Brown took no obligation for said $1,600, but was exonerated from liability as surety, and, by failing to credit said sum on his notes, by reason of which Brown is estopped from claiming that by making the loan he was placed in a worse position, and that by reason of a valid superior lien securing to the Missouri State Life Insurance Company the sum of $8,541.29, and the valid and superior lien securing note No. 2 for the sum of $2,-038.16 to E. M. Michel, and the receipt by the defendant Brown of the $4,420.55 out of the $15,000 loan as a partial payment on his notes, he was in no way injured, for which reason, the facts pleaded by him constituted no defense to plaintiff's cause of action.

The case was tried by the court without the intervention of a jury, and, at the conclusion of the testimony, judgment was rendered for plaintiff, hereinafter called appellant, against D. Grantham for the sum sued for, and in favor of J. G. Brown, hereinafter called appellee, against appellant.

The record reveals the following facts as uncontroverted:

On June 17, 1919, the owner, J. G. Brown, by his deed recorded in the deed records of Wheeler county, Tex., on June 30, 1919, conveyed the land involved in this controversy to J. R. Edwards for a consideration of $26,-880, paid and to be paid as follows: $1,882.67 in cash, the assumption of a note for $8,000 due Scott & Blackmer, secured by a valid lien against the land, afterwards duly transferred to the Missouri State Life Insurance Company, and the execution and delivery by

Edwards to Brown of the series of nine notes described in appellant's pleading. On September 2, 1919, J. R. Edwards conveyed the land by deed duly recorded on the same day to Boone Robbins and D. Grantham for a consideration, among other things, of the assumption of the payment of the indebtedness above described. On January 26, 1921, D. Grantham and wife, by their proper deed recorded on that date, conveyed said land to Boone Robbins in consideration, among other things, of the assumption and promise by the grantee in said deed to pay the above-described indebtedness, in which is this recitation:

"It is understood that the interest on the notes executed by J. R. Edwards to J. G. Brown has been paid to July 13, 1921, except note No. 1. It is further understood that note No. 1 for $1,740, due July 13, 1920, has been extended by agreement with the owner of said note to March 1, 1921, and the grantee assumes the accrued interest on note No. 1."

On July 26, 1919, J. G. Brown, by an instrument in writing, recorded in the deed records of Wheeler county July 28, 1919, sold and assigned to D. E. Holt notes Nos. 1 and 2 of said series of nine notes and the lien to secure their payment, in which said notes are made a superior lien to the lien securing the payment of the seven notes retained by Brown. On the 28th day of July, 1919, by written transfer recorded September 4, 1919, D. E. Holt sold and transferred to E. M. Michel said notes Nos. 1 and 2, together with the lien securing their payment. On January 3, 1921, E. M. Michel, by written instrument in proper form, released to J. R. Edwards said note No. 1, and all interest thereon, which release was properly recorded January 14, 1921. On August 3, 1920, Carrie Michel, by an instrument in writing, transferred to B. F. Anderson, the appellant herein, for a recited consideration of $1,740, note No. 1, which transfer was acknowledged by Carrie Michel in the form for a single woman, without disclosing whether or not she was a feme sole, which instrument was filed December 18, 1923, and duly recorded in the deed records of Wheeler county December 20, 1923.

On June 2, 1920, Boone Robbins and wife executed a deed of trust lien on said land, which was recorded June 14, 1922, to secure the sum of $15,000 from the San Antonio Joint Stock Land Bank, out of which amount the Missouri State Life Insurance Company was paid its debt, and note No. 2 was paid to E. M. Michel, and a balance of $4,420.55 was paid to appellee, to be credited upon his notes. On June 17, 1922, the appellee, by proper instrument in writing, which was recorded July 18, 1922, agreed that the lien created by the deed of trust in favor of the San Antonio bank should at all times be prior and superior to the lien securing the pay-

ment of the notes held by him. On January 15, 1924, appellee secured a judgment vesting in him the title to said land as against all persons who were made parties to the suit, but it does not appear that E. M. Michel or Carrie Michel or the appellant herein was a party to the proceedings. That E. M. Michel and Carrie Michel were husband and wife at all the dates involved in this controversy.

Appellant, by numerous assignments, assails the action of the trial court in overruling his demurrers to appellee's answer, to the admission of certain testimony in behalf of appellee, to certain findings of fact by the court, and to the refusal of the court to make additional findings requested by him.

It is not necessary to consider separately the many propositions presented by appellant, as they all involve his contention that by virtue of paying the money evidenced by note No. 1, and his agreement with Robbins and Grantham, he became subrogated to the right, title, and interest of E. M. Michel in and to note No. 1 and the lien securing its payment, which lien had by appellee been made superior to the lien securing the notes retained by him; and therefore the defense urged would not defeat appellant's right to foreclose his lien against the land.

Appellant alleges that he was damaged by the fraudulent acts of D. E. Holt, E. M. Michel, Carrie Michel, and Boone Robbins; and, while he charges the appellee with a violation of his contract with the San Antonio bank in the application of $1,600 to the payment of a debt on which he was surety for Robbins, instead of crediting that amount upon the notes held by him, he does not connect appellee with the fraud charged in securing and recording the release from E. M. Michel to note No. 1, nor in securing and delivering the transfer of said note from Carrie Michel, nor with knowledge of, or acquiescence in, any statement or conduct by which appellant was deceived or misled.

Appellant does not challenge the finding of the trial court to the effect that the appellee, in his transactions in connection with the subordination agreement with the bank, and in his recovery of the land by suit in the district court, acted in good faith and without knowledge, constructive or otherwise, that said note No. 1 was unpaid, or that appellant claimed the note or lien securing it.

The record discloses that appellee subordinated the lien securing his notes to the lien securing the $15,000 to the San Antonio Bank, which was a greater sum than the debt secured by liens superior to that of appellee before such subordination agreement, and that he was compelled, in order to protect his rights, to pay the interest on said $15,000, and taxes on the land, and that no payments other than the credit out of the $15,000 was made to him on his notes, and the finding of the court that appellee, with-

out any notice of appellant's claim, and believing in good faith that note No. 1 had been paid and released, acted to his financial injury, has sufficient support in the testimony.

In Henderson et al. v. Pilgrim et al., 22 Tex. 464, the Supreme Court of this state says:

"We are of opinion that an assignment of a mortgage is 'a lien affecting the title to land,' 'a written contract in relation to land,' 'an agreement,' 'an instrument of writing of or concerning land,' within the meaning of our registry laws, such as ought to be recorded, to make it effectual against subsequent purchasers, for a valuable consideration, without notice."

[1, 2] The law is settled in this state that assignments of liens, in order to affect subsequent purchasers, without notice, for a valuable consideration, must be recorded, and that the assignment of a vendor's lien note which transfers the same character of lien must likewise be recorded to affect a subsequent mortgagee, for a valuable consideration, without notice, constructive or otherwise, of the existence of such vendor's lien.

"It is the policy of the law to require that all matters affecting the title to lands should be placed upon the public records, so that one who seeks to purchase it may safely judge of the validity of the title. When a purchaser who seeks to buy land has examined the records of titles, and finds nothing to indicate that there is an adverse claim, and he is not in possession of any facts that would put him upon inquiry as to any matter not of record, he has the right to presume that any person claiming an adverse right would have placed the same upon record, and that there is none. But in this instance the case is stronger for the Land & Mortgage Bank, for it appeared that the person in whom the adverse claim had existed had released it, and there was nothing to notify him that any other person had become entitled to the lien. It was within the power of the plaintiff to have taken a written assignment of the vendor's lien, and to have placed it upon record as the law required, and thus to have secured himself against the acts of the original owner of the lien." Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54; Drumm Commission Co. v. Core, 47 Tex. Civ. App. 216, 105 S. W. 843.

In Thomas et al. v. First National Bank of Hico, 60 Tex. Civ. App. 133, 127 S. W. 844, the court holds:

"That a mortgagee, without notice, acquires a lien superior to the vendor's lien recited in a deed where the vendor has executed a release of the lien, and such release is recorded, although the vendor's lien note had been assigned to a bona fide holder before the execution of the release, which assignment was not recorded."

See, also, Adams v. Williams et al., 112 Tex. 469, 248 S. W. 673; Clark et al. v. Southwestern Life Insurance Co. (Tex. Civ. App.) 113 S. W. 335; Lubbock State Bank et al. v. H. O. Wooten Grocery Co. et al. (Tex. Civ. App.) 179 S. W. 1141; Fennimore v. Ingham (Tex. Civ. App.) 181 S. W. 516; Gray v. Fenimore (Tex. Com. App.) 215 S. W. 956.

[3-5] The written assignment of the note in controversy to appellant by Carrie Michel did not transfer the lien to appellant, because she was not the owner of said note or lien. The record discloses also that she was a married woman; and, in the absence of special circumstances, none of which are revealed by the record, she was without capacity to make a valid assignment without being joined by her husband, and the form of her acknowledgement put appellant upon inquiry as to her capacity. Nora Daniel et al. v. Rowena M. Mason, 90 Tex. 241, 38 S. W. 161, 59 Am. St. Rep. 815; Schenck et al. v. Foster Building & Realty Co. et al. (Tex. Civ. App.) 215 S. W. 877.

Under the facts revealed by this record, and the law as announced in the foregoing authorities, no reversible error is presented, and the judgment of the trial court is affirmed.