## ROSA F. McCAMLY v. C. H. WATERHOUSE ET AL.

### No. 3061.

1. **Assignment of Vendor's Lien Note.** — The legal assignment by the payee in a vendor's lien note carries with it the lien as incident to the debt. It leaves no further interest in or title to the land in the payee. The holder of the note takes a lien upon the land and nothing more in or against it.

2. **Married Woman Indorsing Vendor's Lien Note.** — The note in suit was made by Mrs. McCamly and payable to Mrs. Dennis, wife of I. N. Dennis. Before maturity Mrs. Dennis indorsed the note and it was delivered by the husband with her consent to the plaintiff. Mrs. Dennis died before the maturity of the note, leaving four children. The consideration for the note was her separate property conveyed by warranty deed by herself and husband, under which the purchaser entered. After Mrs. Dennis' death at instance of defendants her husband indorsed the note. In a suit by the assignee against the maker for the money and a foreclosure of the lien the defendant resisted payment until a release be had from the heirs of Mrs. Dennis. *Held:*

1. That the assignment and delivery of the note before maturity as to the interest of Mrs. Dennis was as if she were paid.

2. That her indorsement of the note and its delivery passed to the holder the lien without her privy acknowledgment.

3. The maker was not entitled to a release from the heirs of Mrs. Dennis. The holder of the note could release the lien.

APPEAL from Wharton. Tried below before Hon. T. S. Reese, Special District Judge.

The opinion contains a statement.

*Peareson & Ballowe,* for appellant.—1. The indorsement by Mrs. Dennis alone, and without her separate acknowledgment, did not pass the legal title to the note, nor did it pass the vendor's lien on the land; and her husband's indorsement after her death did not aid the attempted transfer, the note being the separate property of Mrs. Dennis, and the assignees, Waterhouse & Co., having full notice of the situation from the face of the note and the recorded deed.

2.   The sale of the lot to Mrs. McCamly by Mrs. Dennis was executory and the title remained in Mrs. Dennis, and if the assignment of the purchase money note was valid as to her, then she held still the legal title as trustee for both Waterhouse & Co. and Mrs. McCamly, and this title descended to her heirs;. and in a suit by the assignees of the note to subject the land to the vendor's lien, the original vendor having died, her heirs were both proper and necessary parties in order that their interests in the lot might be disposed of, and in order that defendant might receive a perfect title upon completing payment of purchase money.   Defendant had the right to have before the court all persons having or claiming an interest in the property upon which the lien is sought to be foreclosed.   Kempner v. Comer, 73 Texas, 200, 201; McKay v. Treadwell, 8 Texas, 180, 181; Rev. Stats., art. 559; Story on Prom. Notes, sec. 124; Hamblen v. Folts & Walsh, 70 Texas, 135–137.

No brief for appellee.

MARR, JUDGE.—The following, in quotation marks, is adopted from appellant's brief:

"Suit by appellees against appellant in the District Court upon a note executed by appellant to the order of Mrs. Maggie Dennis, wife of I. N. Dennis, for $400, purchase money of a lot in the town of Wharton conveyed to appellant by Mrs. Dennis and husband, the note and deed retaining an express vendor's lien.   The note was indorsed by Mrs. Dennis and delivered to her husband, and was by her husband then delivered before maturity to appellees, and afterward before maturity, but after the wife's death, the husband also indorsed it.   Before the note fell due Mrs. Dennis died intestate, leaving surviving her the husband and four minor children, there being no guardian or administrator.   The lot was the separate property of Mrs. Dennis, and her deed to appellant was duly recorded, and was a deed with general warranty. Appellant, who was defendant below, answered that the transfer of the note by Mrs. Dennis did not pass her title in the lot, which remained in her by reason of the vendor's lien being expressly retained, and there being no separate acknowledgment of the wife and the husband not joining in the assignment; that the defendant was ready and willing to pay the note whenever she could safely do so; that the superior title which remained in Mrs. Dennis upon the sale to appellant had descended

at her death to her minor children and husband, and that they ought to be made parties to the suit in order that their title might be vested in defendant and a perfect title received by her upon paying the purchase money note, contending that under her deed and the tenor and effect of the note she was entitled to a release from the heirs of Mrs. Dennis of the superior title, and that appellees not having received any title, could not make a valid release of it. The same point was specially raised by plea in abatement, asking that the heirs of Mrs. Dennis be made parties and that they be divested of their title in favor of defendant upon her paying the purchase money note."

Colonel Dennis testified that he sold and delivered the notes to the appellees for a valuable consideration, with the knowledge and consent of his wife, and that subsequently at the request of plaintiff after her death he also indorsed the note by writing his name under hers. The note was a negotiable promissory note. The deed from Mrs. Dennis and her husband to the land, and conveying it to appellant, was duly executed and acknowledged and contained a full covenant of general warranty, and was to all intents and purposes an absolute conveyance of the land in fee simple, except that it expressly retained a lien on the land to secure the payment of the balance of the purchase money. The appellant took and now holds possession of the land under the deed and does not offer to abandon and reconvey. The plaintiffs demanded payment of the note and tendered (one day before maturity of the note, allowing grace), and again tendered in the court below a full written release of the vendor's lien and the land, but defendant refused to pay the note and accept the release. She through her attorney tendered to an unauthorized agent of the plaintiffs the amount of the note, but only on condition that plaintiffs should first procure for her a release or conveyance of the supposed interest of the heirs and children of Mrs. Dennis in the land. The court below held that they had none and were not necessary parties.

The mere statement of the case, it appears to us, amply vindicates the correctness of the rulings on these particulars of the learned special judge who presided at the trial in the District Court, and this appeal might be disposed of by reference to the opinion of the Supreme Court at the present term, delivered in the case of Ogburn v. Whitlow, *supra* 239, and the authorities there cited. We are not called upon in this case to determine whether the rule of decision, for so many years recognized by numerous adjudications in this State, that where upon sale of land the vendor expressly retains a lien for the payment of the purchase money in the deed and note that the superior title remains in him, and that in case of default in payment it is optional with him to rescind the contract as being executory merely and reclaim the land, or enforce the lien and recover the purchase money, though we may observe that recent decisions seem to point to the ultimate abandonment of this rule

in its full rigor, or at least to a modification thereof. Stitzle v. Evans, 74 Texas, 596; Gunst v. Pelham, 74 Texas, 586. All of the decisions we have cited sustain the judgment of the court below. As said by Judge Henry in the case first cited, contracts like the present "are held by the court to be executory for some purposes but should not be so held for all purposes," and in effect that the payment of the purchase money by the vendee would have freed the land of all incumbrance, and we may add that in this case would have perfected and completed the title in appellant, even if the contract should be regarded as of an executory nature. Russell v. Kirkbride, 62 Texas, 457. When Mrs. Dennis and her husband assigned the note in her lifetime to the appellees, that carried with it the lien on the land as an incident to the debt and left no further interest in or title to the land in her. In effect it was the same as if she had accepted payment of the note instead of transferring it as she did do. At her death, therefore, no right or title to the land descended to her children, so far as this land is concerned. It is wholly immaterial under the circumstances that Colonel Dennis did not indorse the note until after his wife had died. The payee of the note had indorsed it with his consent, and with her knowledge and consent he had negotiated and sold it to appellees in her lifetime, and therefore the case of Kempner v. Comer, 73 Texas, 200, cited by appellant's counsel, does not apply. The wife was not in our opinion bound to acknowledge the transfer of the note, though it retained a lien on land, in the same manner as if it had been her deed to land. As we have said, the transfer of the debt carried with it the lien given to secure its payment. Cannon v. McDaniel, 46 Texas, 309, and authorities cited. Mrs. Dennis died before the maturity of the note and the appellees have not attempted to rescind the contract for nonpayment of the note, and could not if they would under the circumstances of this case. Their right in the land was akin to that of a mortgagee. There was no conveyance of any other interest in the land to them. Baker v. Compton, 52 Texas, 252; Burson v. Blackley, 67 Texas, 11; Stephens v. Matthews' Heirs, 69 Texas, 341. Their tender of a release of all their interest in the land is certainly as much as could have been demanded of them, and therefore they were and are not bound to procure for appellant any release from the children of Mrs. Dennis before they can require payment of the note or enforce the lien held by them on the land. Those children were not necessary parties to this suit.

Having disposed of all the questions raised by appellant, we conclude that the judgment ought to be affirmed.

*Affirmed.*

Adopted March 24, 1891.