**BROWN et al. v. FORE et al.   (No. 10079.)**

Court of Civil Appeals of Texas. Dallas.
Nov. 5, 1927.

Rehearing Denied Nov. 26, 1927.

**1. Witnesses ⚙═178(1)—In suit by deceased vendor's wife against purchaser to foreclose vendor's lien, in which purchaser was also defendant as executor, purchaser could testify for plaintiff regarding what deceased had told him; "opposite party" (Rev. St. 1925, art. 3716).**

In suit by deceased vendor's wife to foreclose vendor's lien, in which purchaser was also defendant in capacity as executor of deceased, and in which purchaser filed answer admitting plaintiff's ownership of indebtedness, purchaser was "opposite party," within meaning of Rev. St. 1925, art. 3716, and his testimony that deceased had told him in his lifetime that he had given indebtedness and notes to wife, and that when he died purchaser should pay indebtedness to her, *held* admissible.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Opposite Party.]

**2. Gifts ⚙═10—Notes secured by vendor's lien could be made subject of parol gift.**

Notes secured by vendor's lien could be made subject of parol gift to vendor's wife since indebtedness, subject of gift, was for purchase money and, as chose in action, could be made subject of parol gift, and lien securing notes was merely an incident and passed to donee.

**3. Gifts ⚙═28(1)—That vendor's lien notes, which deceased vendor's wife claimed as gift, were not signed by purchaser until after vendor's death was immaterial.**

In suit by deceased vendor's wife to foreclose vendor's lien, in which deceased vendor's executors claimed that notes belonged to deceased's estate and plaintiff claimed that deceased had given notes to her by valid oral

assignment, fact that notes were not signed by purchaser until after vendor's death was immaterial, since deed evidenced contract for execution and delivery of notes and purchaser became thereby bound for their execution.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Suit by Mrs. Etta Fore against Virgil Husbands individually, in which B. R. Brown, Virgil Husbands, and another, executors of the will of F. M. Fore, deceased, were made parties defendant, and in which others intervened. From a judgment for plaintiff, the executors appeal. Affirmed.

Clark, Harrell & Starnes, of Greenville, for appellants.

A. P. Dohoney, of Paris, and J. A. Dial, of Sulphur Springs, for appellees.

JONES, C. J. In a suit in the district court of Hunt county, appellee Mrs. Etta Fore was decreed to be the owner of certain vendor lien notes executed by appellee Virgil Husbands, and was awarded judgment for the amount of the notes and a foreclosure of the vendor's lien on two tracts of land in Hunt County. From this judgment, the executors of the will of F. M. Fore, deceased, have duly perfected their appeal.

In the trial below, the only contested issue was as to the ownership of the indebtedness represented by the two series of notes. Husbands did not contest the amount of the indebtedness alleged against him, nor the right of foreclosure, and, as appellee, makes no question as to the judgment rendered against him. Mrs. Etta Fore, hereinafter called appellee, is the surviving wife of the said F. M. Fore, and asserted ownership of the notes under a claim of a valid oral assignment by her husband during his lifetime. The suit filed by appellee alleged, in effect, that Husbands purchased 70 acres of land from F. M. Fore for a consideration of $1,900, represented by the execution of ten vendor lien notes, one for $100, and the other nine for $200, said notes maturing at different periods of time; that he also purchased from F. M. Fore 50 acres of land for a consideration of $2,500, represented by five vendor lien notes of $500 each, maturing at a different period of time; that a deed representing each purchase was duly executed by F. M. Fore and delivered to Husbands; and that he immediately went into possession of the land, and had used and held possession of same since the delivery of each of the deeds. It was also alleged that all of the notes had become due and payable. It was further alleged that appellants, as executors of the will of F. M. Fore, were asserting some character of claim to the said notes, and they were made parties defendant. These executors are B. R. Brown, Emmett McFadden, and Virgil Hus-

---

bands. It thus appears that Virgil Husbands was a defendant in an individual capacity as the maker of the notes and the creator of the indebtedness by his two said purchases of the land, and in his capacity as one of the executors of the said will.

All the legatees of the said will save appellee intervened in the suit, setting up their interest in its subject-matter, and alleged that the said indebtedness and the notes representing same belonged to the estate of F. M. Fore and should be administered as a part of such estate by appellants as the duly qualified executors. The executors answered the suit and made the same claim set up by the interveners.

The case was tried to a jury, but, after all the evidence was heard, it was withdrawn from the jury by agreement of the parties and submitted to the court, who rendered judgment in favor of appellee. At the request of appellants, the court filed findings of fact and conclusions of law. The findings of fact sustain the judgment rendered by the court in that it was found as a fact that F. M. Fore, deceased, during his lifetime orally assigned the indebtedness arising from the sale of the two tracts of land and the notes representing same to appellee, and that she thereby became the sole owner of such indebtedness and notes. This finding of fact was excepted to and error duly assigned thereon, on the ground that it is not sustained by legal evidence.

The controlling issue in this appeal is, Was error committed by the trial court in overruling the objection to evidence given by Husbands, as a witness in behalf of appellee, to the effect that during his lifetime F. M. Fore had told him that he had given the entire indebtedness represented by the two sales of land to his wife, the appellee, and that after his death he wanted this indebtedness paid to her? The objection urged against the testimony is that the witness could not testify to statements of deceased on this issue of ownership, under provisions of article 3716, Revised Statutes (1925), which declares that, "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite parties, * * *" because such witness is not an "opposite party" as to this issue. After the withdrawal of the case from the jury, appellants made a motion to strike out the testimony given by the witness over their objection, and the bill of exception shows that this motion was overruled and exception duly noted. There is a conflict between the bill of exception in this respect and the court's order on the motion. The motion to exclude contains two separate and distinct matters, one of which was to exclude the testimony of the witness Husbands, the other was to exclude certain testimony given by appellee. As the order appears in the record, it shows that the motion was sustained as to the evidence of the witness Husbands and overruled as to the evidence of appellee. The bill of exception, indorsed by the court, shows that the motion was overruled as to the evidence of Husbands and sustained as to the evidence of appellee. However, as appellants and appellee have briefed this issue on the theory that the bill of exception correctly reflected the ruling of the court, we shall adopt this view and not further consider this conflict as shown by the record.

[1] In considering this assignment of error, it should be stated that the witness Husbands, in two or three pleadings filed by him as defendant in this suit, in effect alleged that the deceased F. M. Fore told him in his lifetime that he had given this indebtedness and these notes to appellee, and that when he died witness should pay the indebtedness to her. This pleading, however, was stricken out on special exception presented by appellants and, at the time the ruling of the court was made, was not a pleading in the case. The witness Garrison gave testimony to the same effect on this issue as did Husbands, and no question could be raised under the statute as to this latter evidence.

Was the witness Husbands an "opposite party" from appellee, within the meaning of the statute under consideration? If the test to be applied, in determining whether a defendant in a lawsuit is an opposite party to a plaintiff, within the meaning of this statute, is that defendant to occupy such relation must actually resist plaintiff's demand against him, then the witness Husbands is not an opposite party, for he did not question the debt appellee alleged against him, nor did he question appellee's ownership of such indebtedness. We think, however, this is too narrow a view to take of the statute. That a defendant may recognize and admit the claims of a plaintiff as just demands against him and still be an opposite party to plaintiff in the suit instituted to establish these demands against the defendant seems plain. The interests of the two are adverse to each other, regardless of the feeling of accountability to plaintiff that may be entertained by the defendant. In the instant case, when the suit was filed by appellee against Husbands, she assumed the burden of proving that she was the owner of the indebtedness alleged, and that Husbands owed such indebtedness, and this burden must be discharged before she can be awarded a judgment. This burden, as to her right of recovery against Husbands, was not affected by the answer of the executors in which it is alleged that the indebtedness belonged to the estate of her deceased husband and not to her. The only effect this

answer had on her suit as against Husbands was to place on her an additional burden of disproving this claim of the executors, and the same is true with reference to the issue made by the plea of intervention filed by legatees of the will. When Husbands filed his answer admitting the indebtedness, and admitting the ownership of appellee in the indebtedness, it discharged the burden resting on her in so far as her cause of action existed against Husbands, but it did not remove the adverse interests of the two in the subject-matter of the suit. They still retained the status towards each other of plaintiff and defendant; that is, of opposite parties in the suit. Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030. The above discussion has dealt with Husbands only as a party in his individual capacity. He was, however, a defendant in his capacity as one of the executors of the estate in which he was clearly an opposite party to appellee. We therefore overrule this assignment of error.

[2, 3] It is urged by proper assignment of error that, as the notes were secured by a vendor's lien, they could not be made the subject of a parol gift. We do not think this position is tenable. The indebtedness, the subject of the gift, was for purchase money and, as a chose in action, could be made the subject of a parol gift. The lien securing the notes was merely an incident and passed to the donee. H. & T. C. R. Co. v. Bremond, 66 Tex. 159, 18 S. W. 448; White v. Downs, 40 Tex. 425; McCamly v. Waterhouse, 80 Tex. 340, 16 S. W. 19. We do not attach any importance to the fact that these notes, when delivered by Husbands to F. M. Fore, were unsigned and remained unsigned until after his death, when, at the request of appellee, he signed them. The deed evidenced a contract for the execution and delivery of these notes, and Husbands became thereby bound for their execution, and it is immaterial when he attached his signature to them. All assignments of error not specifically discussed are overruled.

Finding no reversible error, this case is affirmed.

Affirmed.