## CARSON v. CARSON.

No. 19443. Opinion Filed May 27, 1930.

Streeter Speakman, Fletcher Johnson, and L. L. Jones, for plaintiff in error.

W. V. Pryor, C. B. Rockwood, and F. E. Murrell, for defendant in error.

HERR, C. On September 4, 1923, plaintiff, Rebecca C. Carson, was granted a divorce from her husband, John Carson, by the superior court of Creek county. It appears that, prior to the institution of the action, a property settlement was entered into between the parties. The decree approved this settlement, but did not disclose the terms thereof; nor is the property awarded the parties described in the decree.

Shortly after rendition of the decree, defendant sold certain property retained by him under the agreement, and the purchaser thereof sought to lease the same for oil and gas, but his title was rejected for the reason that the divorce decree did not specifically describe the property awarded him. Defendant thereafter presented a motion to the trial court asking that the decree be corrected and modified in order to conform with the actual agreement entered into between the parties. This motion was by the court granted and the decree accordingly modified. Subsequent thereto, however, on motion for plaintiff, this order was set aside.

Thereafter, and on April 15, 1927, plaintiff filed in said court a petition seeking a modification of the original decree in so far as it affected the property settlement, alleging as ground therefor fraud and undue influence in procuring the same and that the settlement was inequitable. With this action she joined an action for separate maintenance alleging that subsequent to the granting of the divorce, there was a reconciliation and remarriage between the parties. This remarriage is pleaded as a common-law marriage. It is alleged that subsequent to said remarriage, defendant wholly abandoned plaintiff, and that said abandonment then existed and prayed for an equitable division of the property.

Considerable evidence was taken by both parties, at the conclusion of which plaintiff dismissed her cause of action for separate maintenance, but insisted that the original decree be modified as pleaded by her in her first cause of action. The trial court found against plaintiff on the issue of fraud and undue influence, but held the alleged settlement agreement inequitable, and further held that the same was not properly presented to the trial court and that the same was never, in fact, by it approved. Thereupon an order was entered modifying the former decree, awarding plaintiff additional property, and specifically setting out and describing in the decree the property awarded the parties.

After unsuccessful motion for a new trial, defendant appeals to this court.

It is contended by defendant that plaintiff cannot maintain her action to modify the decree for the reason that she pleads and testifies that, subsequent to the rendition thereof, there was a reconciliation and a remarriage and that such remarriage still exists. We think this contention must be sustained. If plaintiff and defendant are now husband and wife, it is immaterial whether the property settlement made and approved by the former decree is valid. A remarriage of the parties annuls a divorce decree.

In 19 C. J., at page 279, the following rule is announced:

"It was held in an early case that, even in a suit for separation, the court may make a provision that alimony of the wife should continue beyond the life of the husband, but the logical and reasonab'e rule is that if the wife returns to her husband after a divorce from bed and board, and is reconciled to him, she cannot continue to have alimony. But if she again separates herself in consequence of renewed acts of cruelty, the decree has been held still good, and enforceable notwithstanding the condonation."

Plaintiff, in a proper action upon showing acts accruing subsequent to the alleged remarriage might be entitled to relief, but she is not entitled to a modification of the decree on the ground of fraud where, in the same action, she alleges a reconciliation and remarriage to her former husband.

Judgment should be reversed and the cause remanded, with directions to enter judgment denying vacation and to set aside and vacate the order appealed from.

BENNETT, EAGLETON, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 35 A. L. R. 1529; 40 A. L. R. 1227; 9 R. C. L. p. 535; R. C. L. Perm. Supp. p. 2496. See "Divorce," 19 C. J. §809, p. 349, n. 22; §810, p. 350, n. 38.