## WILSON *v.* WILSON.

1. DIVORCE—WIFE'S LIEN ON HUSBAND'S PROPERTY NOT ABROGATED BY THEIR REMARRIAGE.

   Wife's lien on husband's property established by divorce decree does not become abrogated by their remarriage.

2. SAME—PARTIES—HUSBAND AND WIFE.

   Wife's suit to enforce lien on husband's property established by divorce decree, after their remarriage and separation but while they are still husband and wife, need not be brought by next friend (3 Comp. Laws 1929, § 14013).

3. Husband and Wife—Wife's Right to Enforce Lien on Husband's Property.

  Wife could maintain suit to enforce lien on husband's property established by divorce decree, after their remarriage and separation, notwithstanding his willingness to support her (3 Comp. Laws 1929, § 14014).

Appeal from Gratiot; Searl (Kelly S.), J. Submitted April 23, 1931. (Docket No. 168, Calendar No. 35,268.) Decided June 1, 1931.

Bill by Florence Wilson against John A. Wilson to foreclose a lien on certain real estate established in a divorce decree. Decree for plaintiff. Defendant appeals. Affirmed.

*D. L. Johnson,* for plaintiff.

*Kenneth B. Montigel,* for defendant.

North, J. The main question presented on this appeal is clearly outlined and a proper decision reached in the following portion of the circuit judge's opinion:

"In this cause plaintiff filed her bill to foreclose a lien on certain real estate belonging to defendant, alleging that said lien was established in a divorce decree made May 8, 1928, in this court, and that there is now due upwards of $400. Defendant answered admitting these facts, but alleging that since the entry of said decree the identical parties have remarried, and that therefore the lien has become abrogated. * * *

"The facts as agreed upon by the attorneys for the respective parties are, that at the time the divorce decree was made, defendant, John A. Wilson, was required to pay to plaintiff, Florence Wilson, the sum of $600 in full of dower rights and also her rights in certain real estate then held by the en-

tirety; and that plaintiff was required to and did release her interest in all this real estate, and that the lien now sought to be enforced is for a portion of said $600, that it covers the property formerly held by the entirety. It was also agreed that the parties have since remarried and have again separated, but are still husband and wife. This brings us squarely to the question of whether plaintiff by her last marriage to defendant and subsequent cohabitation with him lost the right to enforce the lien given her in the divorce decree. * * *

"In the case at bar the plaintiff released all her interest in the real estate held by the entirety at the time the divorce decree was made. When she married the defendant the last time she did not become reinvested with her interest in that real estate, and to now hold that she lost her lien but did not receive back what she had released would be inequitable. If dower only was involved, a different result might be reached.

"At the time of this last marriage the parties were in law strangers to each other. The plaintiff might have sold her lien to some outside party, and in such case the remarriage of these parties would have had no effect upon it. If defendant at the time of this last marriage desired to have this lien released he should have made some new arrangement with his former wife by which she would have been reinvested with her interest in the land, with right of survivorship, in consideration of giving up her lien. He did not see fit to do that, and to now wipe out her lien and leave him sole owner of the land with a possible dower interest only in his wife would be unfair to her, and should not be done unless some positive rule of law requires it. No such rule has yet been laid down in this State; and hence an order may be made in accordance with this opinion."

As bearing upon the above question, see *Miller* v. *Miller*, 227 Mich. 684; *Kistler* v. *Kistler*, 141 Wis.

491 (124 N. W. 1028); *In re Mallory's Estate,* 300 Pa. 217 (150 Atl. 606); *Brenner* v. *Brenner,* 48 Ind. 262. For a contrary holding, see *Carson* v. *Carson,* 143 Okla. 274 (288 Pac. 475).

Appellant's contention that since plaintiff was a married woman her suit should have been brought by a next friend is not tenable. 3 Comp. Laws 1929, § 14013. Nor are we in accord with his further assertion that since defendant was willing to support his wife she could not maintain a suit against him for the recovery of her separate property. The right which plaintiff seeks to enforce is based upon contract. It is a property right which was acquired by her previous to her present marriage to defendant. By reason of defendant's default a right of action has accrued to her.

"Whenever a cause of action shall accrue to, or arise against any married woman, she may sue or be sued in the same manner as if she were sole." 3 Comp. Laws 1929, § 14014.

The decree of the lower court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.