## AARON et al. v. AARON.

### No. 6037.

Court of Civil Appeals of Texas. Texarkana.

March 11, 1943.

Rehearing Denied June 24, 1943.

Jones & Jones, of Mineola, for appellants.

Florence, Florence & Meredith, of Gilmer, for appellee.

HALL, Justice.

Appellants, Mrs. Alice Aaron and husband, C. C. Aaron, are the parents of appellee's deceased husband, Leon Aaron, and this suit was instituted by appellee against appellants to recover the sum of $14,447.69, the proceeds of two life insurance policies on the life of Leon Aaron, deceased, paid to Alice Aaron, his mother; in the alternative, for ½ the above amount, and in the further alternative, for the pro rata

part of the above amount paid Alice Aaron under the two insurance policies, in the proportion which the amount of premiums paid out of community funds of appellee and her deceased husband bear to the total premiums paid. Appellee alleged that several years before her marriage to Leon Aaron, he subscribed for two life insurance policies with appellants as beneficiaries, one of said policies with Banker's Life Insurance Company for $5,000 "18 payment life" providing for double indemnity in case of accidental death and containing a feature with respect to cash or loan value beginning with the fourth year of the life of said policy; and one with the Harvester Life Insurance Company for $2,500 "20 payment life" containing substantially the same provisions as the Banker's Life policy. This last insurance contract was assumed and paid by the Southland Life Insurance Company and will be referred to hereafter as the Southland policy. It was alleged that shortly after Leon Aaron's and appellee's marriage, Leon caused the beneficiaries in said policies to be changed to appellee, with the statement that he was making a gift of said insurance policies to their community estate. That all premiums on the two policies after the change of beneficiary were paid by Leon Aaron out of community funds of himself and appellee. Appellee averred also that on account of harsh and abusive conduct toward her by Leon, beginning in 1933, she filed suit for divorce against him in August, 1935, which resulted in judgment of divorce dated October 29, 1935; that thereafter on October 31, 1935, appellee and Leon mutually agreed to disregard the property division in the divorce decree theretofore rendered and remarried each other "upon the promise of said Leon Aaron to discontinue his previous abusive and unbearable conduct and live peaceably and happily with this plaintiff (appellee), and to continue to hold and own all their property as they owned and held same following their first marriage." It was alleged further that Leon Aaron without the knowledge of appellee and with intent to cheat and defraud her out of her community interest in the life insurance policies and the proceeds to be derived therefrom, on November 23, 1934, changed the beneficiary in the Banker's Life policy from appellee to appellant Alice Aaron. The same allegation is made with respect to the change of beneficiary in the Southland policy, except the date which was

alleged to be September 10, 1935. It was alleged that Leon Aaron died July 7, 1939, as the result of an automobile accident, intestate, and without issue.

Appellants answered by general denial and special denial "that the insurance policies described in plaintiff's petition, or the proceeds thereof, were ever the community property of plaintiff (appellee) and Leon Aaron. That in the judgment of divorce rendered in cause No. 7159 in the District Court of Wood County, Texas, all the property rights of plaintiff and Leon Aaron were adjudicated and that same provided that all property not set aside and awarded specially to plaintiff was awarded to Leon Aaron, which included and covered any interest plaintiff may have had in said policies of insurance and that thereafter the plaintiff has never had any right, title or interest in said insurance policies, but that said judgment divested her of any right, title or interest she may ever have had in same." Trial was to a jury, and in accordance with their findings upon special issues, judgment was rendered for appellee for ½ the proceeds from the two insurance policies.

Appellants' Point 1 is: "The appellants having collected the money sued for under a claim of right, and there being no privity between the parties in relation to the money sought to be recovered, the appellants' motion for instructed verdict should have been granted." By other points appellants assert that the divorce decree rendered October 29, 1935, in the cause of Juanita Aaron v. Leon Aaron, was a final judgment, adjudicating the rights of the parties to the insurance policies sued on and divested Juanita of any claim or interest that she may have had in them. That said divorce judgment is a final judgment adjudicating the rights of the parties to the insurance policies and cannot be collaterally attacked. That appellee and Leon thereafter could not legally, by agreement between themselves, change the status of said insurance policies from separate property to community property at the time of their remarriage. That the mere intention of Leon to change the beneficiaries in the insurance policies at the time of their remarriage was without legal effect in the absence of the execution of his intention in accordance with the terms of the policies or other legal requirements. We shall discuss the last points first.

The evidence shows that the insurance policies were taken out by Leon Aaron in 1926, about four years before he married appellee on October 8, 1930. Appellant Mrs. Alice Aaron was the original beneficiary in the Banker's Life policy and appellant C. C. Aaron was the original beneficiary in the Southland policy. On October 11, 1930, appellee was substituted as beneficiary in the Banker's Life policy, and in May 1931, she was substituted for C. C. Aaron as beneficiary in the Southland policy. Appellee testified that her husband, shortly after their marriage in 1930, stated to her that he had two policies of life insurance and "that he was making them a gift to the community estate so we could both enjoy them."

"Q. So that it would belong to both of you. Is that what he said? A. Yes, sir.

"Q. Did he (Leon Aaron) say anything about who the policies were then payable to, and what he was going to do, if anything? A. Said the larger, his mother was beneficiary and he was changing that to me and had one also payable to his father and he had changed that also, making them both payable to the community estate.

"Q. Do you know, Miss Jaunita, whether he did change or cause the beneficiary in those policies to be changed from his mother to you and from his father to you? A. Yes, sir, he did. October 9th, next day after we were married, he had the $5000 policy changed in Dallas, while we were in Dallas. Then in May of the following year he had the other one changed from his father to me."

Appellee was corroborated in these statements by the testimony of her mother and father. It is undisputed that the annual premiums subsequent to appellee's and Leon's marriage were paid out of community funds. Leon on November 23, 1934, and September 10, 1935, substituted his mother, Alice Aaron, as beneficiary in place of appellee in the Banker's Life policy and the Southland policy on the above dates, respectively. In August, 1935, appellee filed suit for divorce against Leon Aaron and on October 29, 1935, judgment was entered granting appellee a divorce and dividing their property in accordance with a previous agreement between them. Two days later, October 31, 1935, appellee and Leon remarried, and, according to testimony of appellee, they agreed to disregard that feature of the judgment of divorce making division of their property. Appellee testified, "We just decided not to execute the judgment." On the same day the divorce decree was entered, October 29, 1935, Leon Aaron paid into court $500 for the benefit of appellee in accordance with a provision in said decree, and on November 5, 1935, after their remarriage, appellee and Leon took down the $500 theretofore paid into court as shown by the following entry upon divorce record: "11-5-1935. Received $500 deposit for Juanita Aaron on 29th day October 1935. Mrs. Juanita Aaron and Leon Aaron." On November 6, 1935, a deposit of $500 in favor of Leon Aaron is shown on the ledger of First National Bank of Mineola, Texas.

In answer to pertinent special issues the jury found that Leon Aaron substituted his mother, Alice Aaron, appellant, as beneficiary in the two insurance policies for the purpose of defrauding his wife, appellee, Juanita Aaron. Under the undisputed evidence, the two insurance policies were, on the date of the first marriage of appellee and Leon, the separate personal property of Leon Aaron, having been taken out by him some four years before said marriage. He could give them, and all benefits thereunder, by parol to any one he desired having an insurable interest in his life. Brown v. Fore, Tex.Civ.App., 299 S.W. 950, reversed by Sup.Ct. on other grounds, 12 S.W.2d 114, 63 A.L.R. 435; Speer's Law of Marital Rights, 3rd Ed., § 136 p. 186. Appellee testified that shortly after their marriage Leon gave the two policies to their community estate and made her beneficiary in each of them. As said before, she was corroborated in this testimony by her father and mother. No testimony in this record contradicts her in this respect. We can assume the correctness of this statement in support of the judgment of the trial court, no finding thereon by the court or jury being necessary. Rule 279, Rules for Civil Procedure; Wichita Falls & Okla. R. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Federal Underwriters Exchange v. Ener, Tex.Civ.App., 126 S.W.2d 769, writ dismissed and authorities there cited. The two insurance policies with whatever present or future value they had, at the time the beneficiary in each was changed by Leon from appellee to his mother during the existence of the first marriage relation, were community proper-

ty. And the fraudulent act of Leon in substituting his mother as beneficiary in such policies as found by the jury was ineffective as a transfer of appellee's community interest in them, as between the mother and appellee. But appellants contend that the divorce decree of October 29, 1935, changed the status of the two policies to the separate property of Leon. The judgment of divorce with respect to division of the property of appellee and Leon reads:

"And it further appearing to the court that the property rights between plaintiff (appellee) and defendant (Leon Aaron) have been settled by agreement and that by the terms of said agreement plaintiff is to receive the sum of $500 in cash and all household goods and kitchen furniture, save and except one wardrobe and the trunk now located in the residence formerly occupied by the parties hereto, and now occupied by plaintiff, and that defendant is to receive all the remainder of the property whether community, separate or mixed, and wherever situated, and whether real or personal."

By similar language the judgment awards the property to the parties. Granting that the divorce decree has the effect contended for by appellants, certainly by its terms it is shown to be a consent decree entered by the court in his judgment as a disposition of the property in accordance with the agreement of the parties. In construing a consent decree, the rules governing the construction of ordinary contracts apply. In Tyner v. City of Port Arthur, 115 Tex. 310, 280 S.W. 523, 526, it is said: "This being a judgment by consent, the obligations of the parties assumed therein are governed by the rules applicable to contracts in general, and 'it is self-evident that whatever the parties see fit to accept as a performance will be so regarded by the courts.'" Citing 13 C.J. 674; 17 C.J.S., Contracts, § 494. See, also, Butterworth v. Kinsey, 14 Tex. 495; Turman v. Turman, 123 Tex. 1, 64 S.W.2d 137; Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786. In answer to a pertinent issue, the jury found that Juanita and Leon on October 31, 1935, the date of their remarriage, "agreed between themselves to disregard their property division in the judgment of divorce" theretofore entered October 29, 1935. There is no contention by appellants that the evidence does not support this finding. The agreement between appellee and Leon to disregard the consent provision of the divorce decree with respect to the division of their property, and their act in remarrying each other, the rights of no third party having intervened, rendered ineffective, not only the provision of the divorce decree making a division of their property, but also that provision of said divorce decree establishing their status as single persons. Carson v. Carson, 143 Okl. 274, 288 P. 475. This conduct of Juanita and Leon placed them in the same position with respect to their property and status as before the divorce was granted, and the two insurance policies continued as their community property. After the gift of the policies to the community estate all premiums were paid by that estate. The foregoing facts being true, Leon would have no right by an "excessive or capricious gift" in defraud of his wife's rights in their community property, as found by the jury, to give her portion thereof to his mother, whom the evidence shows to be in good financial circumstances. Stramler v. Coe, 15 Tex. 211, 212; Martin v. Moran, 11 Tex.Civ.App. 509, 32 S.W. 904; Moore v. California-Western States Life Ins. Co., Tex.Civ.App., 67 S.W.2d 932, writ dismissed. Points 2, 3, 4 and 5 are overruled.

■ In disposing of appellants' first point it is appropriate to state that the undisputed evidence reveals that appellant Mrs. Alice Aaron, the mother, collected the proceeds from the two insurance policies, and with the exception of a small amount, the money so collected is to her credit in a Mineola bank and a building and loan company. Appellant Alice Aaron, although not guilty of any fraud, was, nevertheless, the beneficiary under said policies and received the proceeds therefrom as the direct result of the fraudulent act of Leon Aaron practiced upon appellee with respect to their community estate in the proceeds of said policies. So, regardless of the lack of a contractural relation existing between appellants and appellee, under the rules of equity appellee may maintain against appellants a suit for ½ the proceeds of the two insurance policies. And especially is this true where there is no separate property of the deceased husband, as is the case here, against which appellee may proceed. Stramler v. Coe, supra; Ingram v. Posey, Tex.Civ.App., 138 S.W. 421. For an interesting and instructive discussion of the

'questions involved upon this appeal see Texas Law Review, Vol. 17, No. 2, pages 121–151, and Vol. 18, pages 121–150, by W. O. Huie. Appellants' point 1 is overruled.

Appellee has filed in this court certain cross assignments. An inspection of the record reveals that no motion for new trial was filed by her complaining of the judgment or any part thereof, nor were the matters complained of in said assignments ever brought to the attention of the trial court for a ruling thereon. These cross assignments are overruled. Rule 224, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.

### 'On Motion for Rehearing.

Both appellants and appellee have filed motions for rehearing. We shall consider that of appellee first.

■ Appellee insists that this court erred in refusing to consider her cross assignments and in this respect her motion is granted. Appellee's cross assignments relate to the failure of the trial court to enter judgment in her favor for the full amount of the two insurance policies mentioned in the main opinion. It is her contention that she was, upon the death of her husband, entitled to the face value of said policies instead of ½ their face value as awarded to her by the judgment of the trial court. As we view the record, the insurance policies being community property, Leon Aaron, the husband, could dispose of his ½ interest in the present or future value to his mother and his act of fraud, as found by the jury, in changing the Beneficiary from appellee to his mother, could only relate to the ½ interest of appellee in their future value at Leon's death. Appellee's cross assignments are overruled.

With respect to appellants' motion for rehearing, attention is directed to the holding of our Supreme Court in the recent case of Blackmon, Tax Assessor-Collector of Jefferson County v. Hansen, 169 S.W.2d 962; and Wommack v. Wommack, Tex. Sup., 172 S.W.2d 307, affirming this court, 168 S.W.2d 663, opinion delivered June 16, 1943, not yet reported [in State Reports]. In both of these cases life insurance taken out subsequent to the marriage and paid for with community funds was held to constitute community property. Those cases cite with approval Martin v. Moran,

11 Tex.Civ.App. 509, 32 S.W. 904; Lee v. Lee, 112 Tex. 392, 247 S.W. 828; State v. Jones, Tex.Civ.App., 290 S.W. 244, and Texas Law Review, Vol. 17, p. 121.

Appellants' motion for rehearing is overruled.