## McDANIEL et al. v. THOMPSON et al.
### No. 11595.

Court of Civil Appeals of Texas.
San Antonio.

March 20, 1946.

Rehearing Denied April 24, 1946.

L. W. Pollard, of Kerrville, for appellants Fannie Thompson and Mrs. Joe Wells.

Gilmer & Weatherby, of Kerrville, Attys. for appellant Fred McDaniel.

L. W. Pollard, of Kerrville, for appellees Fannie Thompson and Mrs. Joe Wells.

NORVELL, Justice.

Article 2571, Vernon's Ann.Civ.Stats., relating to separate property, provides that "if the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution; * * *."

Article 2578, relating to community property, provides that "Upon the dissolution of the marriage relation by death; all property belonging to the community estate of the husband and wife' shall go to the survivor, if there be no child or children of the deceased or their descendants; * * *."

This suit is between appellant, Fred McDaniel, surviving husband of Dida Ragland McDaniel, deceased, and Mrs. Fannie Thompson and Mrs. Joe Wells, a sister and a half-sister of Dida Ragland McDaniel. Fred and Dida McDaniel had no children and Dida McDaniel died intestate.

The subject matter here involved is real property, being Block No. 25 of the Joseph A. Tivy Addition to the City of Kerrville, Texas. The trial court held that at the time of her death on January 7, 1943, Dida McDaniel owned an undivided one-half interest in said lot as her separate property and consequently appellees, as sisters of Dida McDaniel, inherited one-half of such interest, that is, one-fourth of the entire lot, under and by virtue of the provisions of Article 2571.

■ Appellant's principal contention here is that the real property involved was the community property of Fred and Dida McDaniel. Some argument is advanced to the effect that Fred McDaniel has a homestead interest in the property (Article 16, Section 52, Constitution of Texas, Vernon's Ann.St.), but the jury found on sufficient evidence that Fred McDaniel had abandoned said premises as his homestead since the death of Dida McDaniel. A homestead right or estate does not survive abandonment. Moore v. Moore, 89 Tex. 29, 33 S.W. 217.

The factual basis of appellant's contention is as follows:

Fred McDaniel and Dida McDaniel were married on September 15, 1928, and thereafter accumulated certain property including the lot here involved.

On March 28, 1940, Dida McDaniel secured a divorce from Fred McDaniel. The decree, however, made no disposition of the community property.

On April 13, 1940, Fred McDaniel and Dida McDaniel were remarried and remained married until Dida McDaniel's death, on January 7, 1943.

Appellant relies upon Aaron v. Aaron, Tex.Civ.App., 173 S.W.2d 310, and Carson v. Carson, 143 Okl. 274, 288 P. 475.

In Aaron v. Aaron, a husband and wife entered into a property settlement in contemplation of divorce. By the terms of this agreement the husband received certain insurance policies. The divorce was granted and the property settlement agreed upon was incorporated into the decree. Shortly after said divorce, the parties remarried and agreed to disregard the property settlement. The Texarkana Court of Civil Appeals held that the part of the decree relating to a property settlement was a "Consent decree" and that the rules governing the construction of contracts applied thereto. There apparently was no question relating to the statute of frauds as personal property only was involved, and the Court held that the agreement to disregard the property settlement embodied in the "consent decree" was effective, and the wife was awarded a one-half interest in the proceeds of the insurance policies involved. Under the facts of the Aaron case, the result would have been the same regardless of whether it be considered that the wife had a separate undivided one-half interest in the policies by contract or her interest be considered a community interest strictly speaking.

In Carson v. Carson, 143 Okl. 274, 288 P. 475, it is broadly stated that, "A remarriage of the parties * * * annuls [a divorce] decree." The actual holding of the case seems to be correctly stated in the syllabus prepared by the editors of the Pacific Reporter, as follows: "Remarriage of parties to each other subsequent to divorce annuls alimony decree; neither of the parties remarrying each other after divorce can successfully maintain action to modify divorce decree while subsequent marriage exists."

■ We think it true that certain portions of a decree or judgment which also dissolves a marriage may be rendered ineffective or inoperative by a remarriage of the parties. Examples are provisions relating to alimony payments. 27 C.J.S., Divorce, § 240, p. 1000; those relating to custody and support of children and the like. 27 C.J.S., Divorce, § 323, p. 1253. But we do not believe it can be broadly maintained that the remarriage of divorced persons will in all instances place the parties and their property in the status existing prior to the divorce.

■ It is well settled in this State that "Where a husband and a wife, owning community property, are divorced without the court in its decree having made any division of such property in the divorce decree, they become tenants in common in the property or joint owners thereof, just as if they had never been married. Kirk-

wood v. Domnau, 80 Tex. 645, 16 S.W. 428, 26 Am.St.Rep. 770." Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, 104.

When Fred and Dida McDaniel were divorced on March 28, 1940, they became tenants in common of Block 25 of the Tivy Addition to Kerrville, just as if they had never been married.

This property was not acquired during the second marriage and consequently was not community property. Article 4619, Vernon's Ann.Civ.Stats. We are in accord with the views of the trial court upon this proposition.

Appellees, by cross-appeal, contend that the trial court erred in setting aside and disregarding the jury's answers to Special Issues Nos. 1 and 2.

These findings were that a part of the purchase money paid for the lot in question was paid by Dida McDaniel out of separate property which she possessed during the time of her first marriage with Fred McDaniel. The effect of the trial court's holding was that there was no evidence to support the jury's findings. It was therefore incumbent upon appellees to point out and demonstrate to this Court, by proper reference to the Statement of Facts, that there was evidence to support such findings. This appellees have failed to do. We have, however, examined the Statement of Facts and are of the opinion that the trial court in rendering judgment properly disregarded the jury's answers to Special Issues Nos. 1 and 2. Rule 301, Texas R.C.P.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellants have filed a motion for rehearing, together with a request for additional findings of fact. The first two requested findings are apparently supported by undisputed evidence. From recitations contained in the judgment, it appears that the trial court found in accordance with appellants' third requested finding. Appellants' request for additional findings is therefore granted and we find as follows:

First. That during the time suit for divorce was pending and between March 28, 1940 (when divorce was obtained) and April 13, 1940 (when the parties remarried each other), there was no change in the location of any of the property belonging to the said parties, and that same continued in the same position and situation, undisturbed.

Second. The said parties, Fred McDaniel and Dida McDaniel, did not make or attempt to make any property division between themselves in contemplation of permanent separation or divorce; and,

Third. That said parties, Fred McDaniel and Dida McDaniel, agreed by and upon their remarriage to leave their said property as it was before the divorce.

Appellants contend that no objection based upon the statute of frauds was raised with reference to the agreement between Fred and Dida McDaniel "to leave their said property as it was before the divorce."

However, we do not base our decision upon the applicability of the statute of frauds. The controlling question in this case is whether Article 2571, or Article 2578, applies to the property which is the subject matter of this suit. The answer to this question is determined by the legal classification of the property. Was it community property of Fred and Dida McDaniel, or did Dida McDaniel own an undivided interest therein as a part of her separate property? The legal status of property as "community" or "separate" is primarily determined by constitutional and statutory enactments. Article 16, § 15 of the Constitution of Texas provides that "All property, both real and personal, of the wife, owned or claimed by her before marriage * * * shall be her separate property; * * *."

Dida McDaniel acquired an undivided one-half interest in the property here involved prior to her marriage of April 13, 1940. It was therefore her separate property and as she died without leaving a will the provisions of Article 2571 are applicable thereto. The trial court correctly so held.

We grant appellant's request for additional findings. The motion for rehearing is overruled.